**Hector TIJERINA, Appellant,**

v.

**Felipe ALANIS, Commissioner of Education; and Harlandale Independent School District, Appellees.**

No. 03–01–00464–CV.

Court of Appeals of Texas, Austin.

June 27, 2002.

Jefferson K. Brim, III, Brim, Arnett & Robinett, P.C., Austin, for appellant.

Philip Marzec, Philip Marzec Escamilla & Poneck, San Antonio, for HISD.

Eugene A. Clayborn, Asst. Atty. Gen., Austin, for Commissioner.

Before Chief Justice ABOUSSIE, Justice B.A. SMITH and YEAKEL.

## ON MOTION FOR REHEARING

BEA ANN SMITH, Justice.

We withdraw our opinion and judgment dated April 18, 2002 and substitute this opinion to address certain issues concerning the proper standard of review raised in the school district's motion for rehearing.

The Commissioner[1] of Education dismissed Hector Tijerina's appeal of Harlandale Independent School District's decision to end his employment. The Commission-

---

1. The commissioner who signed the dismissal was Mike Moses. His successor, Jim Nelson, was the commissioner when this appeal was filed. By rule, we have substituted as appellee his successor, Felipe Alanis. *See* Tex. R.App. P. 7.2(a).

er dismissed the appeal because Tijerina did not exhaust his administrative remedies and filed his challenge untimely. The district court affirmed the dismissal. We will reverse the judgment and remand the cause to the district court with instructions to remand the cause to the Commissioner for further proceedings.

## BACKGROUND

The dismissal of Tijerina's complaint has created a scant record. The administrative record consists of pleadings. There is a reporter's record of the hearing in the district court. The parties agree on much of the factual background, but their interpretations of those facts differ.

The following facts are undisputed. Tijerina taught for eight years in Harlandale ISD. He was employed as a teacher under a continuing contract at the end of that period in 1995–96. The district then offered, and Tijerina accepted, a promotion to an administrative position in its personnel department. He was offered a contract entitled "One Year Probationary Contract for Certified Classroom Teacher/ Certified Administrator Position/Nurse/Counselor/Librarian." No such signed contract appears in the record. Tijerina did not file a grievance in 1996 or appeal the district's decision to offer him a probationary contract. He served in the new position during the 1996–97 school year. In the spring of 1997, the district notified Tijerina that it was terminating his employment.

Tijerina filed his petition for review with the Commissioner on May 12, 1997. He complained that he was never asked to return to probationary status in exchange for the promotion, and asserted that Harlandale ISD could not ask him to do so without documenting the request in writing. He complained that he was not given a reason for his dismissal at the end of the 1997 school year or a hearing before the school board regarding his termination; he contended he should have received a hearing pursuant to either a continuing or a term contract. See Tex. Educ.Code Ann. §§ 21.159 & 21.207 (West 1996).

The Commissioner dismissed Tijerina's complaint after Harlandale ISD filed a plea to the jurisdiction. He found that Tijerina was offered a probationary contract and that Tijerina asserted that he did not agree to that contract. The Commissioner opined as follows:

The action complained of was the offering of a probationary contract, not the action to nonrenew or terminate the probationary contract. Such a challenge should have been made at the time of the contract offering in the spring of 1996 and should have been appealed to the board of trustees at that time, which it has not. Therefore, this matter should be dismissed for untimely filing and for failure to exhaust administrative remedies.

The Commissioner then dismissed the appeal accordingly.

At the district court, Tijerina complained that the Commissioner should have exercised jurisdiction over his causes of action. He insisted that Harlandale ISD had no authority to return him to probationary status without giving him notice that the school district intended to discharge him from his continuing contract and obtaining his written consent for the return to probationary status. See Tex. Educ.Code Ann. § 21.106. He contended that he was not aggrieved until he was treated like a probationary employee—i.e., when he was fired without a hearing. The district court affirmed the dismissal.

## STANDARD OF REVIEW

Normally, when reviewing a judgment by the district court regarding a

decision by the Commissioner, we conduct a substantial-evidence review.[2] But here the Commissioner decided that he had no jurisdiction without looking at any evidence.[3] Although substantial-evidence review may be appropriate when examining the Commissioner's decisions based on evidence relevant to jurisdiction, we must look elsewhere for guidance in reviewing the Commissioner's ultimate conclusion that he had no jurisdiction.

We have held that the Commissioner's interpretation of the jurisdiction conferred on him by statute is not controlling, but does merit serious consideration if it is reasonable and does not contradict the plain language of the statute. *See Smith v. Nelson,* 53 S.W.3d 792, 795 (Tex.App.-Austin 2001, pet. denied) (citing *Dodd v. Meno,* 870 S.W.2d 4, 7 (Tex.1994)). When reviewing the Commissioner's determination of jurisdiction, we have approved his use of the procedures used by trial courts. *See Smith,* 53 S.W.3d at 794 (citing *Bland ISD v. Blue,* 34 S.W.3d 547, 555 (Tex. 2001)) (Commissioner may review evidence in determining standing or jurisdiction). When reviewing a trial-court order dismissing a cause for want of jurisdiction, we construe the pleadings in favor of the plaintiff and look to the pleader's intent.

*Texas Ass'n of Business v. Texas Air Control Bd.,* 852 S.W.2d 440, 446 (Tex.1993).

Accordingly, we will construe Tijerina's pleadings in his favor and look to his intent, but will defer to the Commissioner's interpretation of the statute and its application to those facts if it is reasonable and does not contradict the plain language of the statute.

## DISCUSSION

This appeal turns on whether the Commissioner accurately characterized the intent of Tijerina's petition. Tijerina contends that the pleadings do not support the Commissioner's construction of his petition, and that this mistaken characterization undermines the Commissioner's conclusions that Tijerina failed to appeal timely and to exhaust his administrative remedies.

### Timeliness of Appeal

The Commissioner's conclusion that Tijerina's petition was untimely rests on a determination that Tijerina challenges the inception of his employment contract in 1996 rather than its termination in 1997. The Commissioner wrote the following:

2. We must determine whether the evidence as a whole is such that reasonable minds could have reached the same conclusion as the agency in the disputed action. *See Texas Educ. Agency v. Goodrich Indep. Sch. Dist.,* 898 S.W.2d 954, 957 (Tex.App.-Austin 1995, writ denied). We may not substitute our judgment for that of the agency and may only consider the record on which the agency based its decision. *See id.; State v. Public Util. Comm'n,* 883 S.W.2d 190, 203 (Tex. 1994). The true test is not whether the agency reached the correct conclusion, but whether some reasonable basis exists in the record for the action taken by the agency. *Public Util. Comm'n,* 883 S.W.2d at 204. The findings, inferences, conclusions, and decisions of an administrative agency are presumed to be

supported by substantial evidence, and the burden is on the contestant to prove otherwise. *Id.*

3. In its motion for rehearing, Harlandale ISD accuses this court of "searching the record to locate evidence supportive of Appellant's position while ignoring that supportive of the Commissioner's reasonable determination." We have searched the briefs and the record presented on appeal and have found no evidence or references to evidence, except to the extent that administrative pleadings compiled into a trial exhibit are considered evidence. We have found only pleadings and arguments of counsel, and we have considered the pleadings from both sides.

- Petitioner is actually challenging his contractual status as established by the contract offered in the spring of 1996.
- The action complained of was the offering of a probationary contract, not the action to nonrenew or terminate the probationary contract.

Based on this view of Tijerina's complaints, the Commissioner concluded that the petition was untimely because it was filed more than forty-five days after the *award of the probationary contract*. *See* 19 Tex. Admin. Code § 157.1051(a) (2002).

This characterization is not supported by the petition's language. Tijerina states in both his original and first amended petitions that he is challenging "the decision by the Respondent Harlandale ISD to terminate his *administrator contract* without due process ...." That Tijerina alleges irregularities in the contract-offer process in 1996 does not alter his request for relief from the alleged denial of due process in 1997, when Harlandale ISD terminated his employment without explanation and without a hearing. The process he was due before termination depends on the nature of his employment in 1997. A school board may terminate the employment of teachers on a probationary contract at the end of the contract term without a hearing or appeal simply by giving timely notice of its intention to terminate. Tex. Educ. Code Ann. § 21.103 (West Supp.2002). A school board intending not to renew term contracts or intending to terminate continuing contracts, however, must conduct a hearing upon the teacher's request. *Id.* §§ 21.207 & 21.159 (West 1996). A teacher under a continuing contract can be returned to probationary status, but only if certain procedures are followed. *Id.* §§ 21.106 & 21.159. The school district must provide written notice that it intends to terminate a continuing contract and

must obtain the teacher's written consent to being returned to probationary status. *Id.* § 21.106. Because Tijerina undisputedly was employed under a continuing contract in 1995–96, the propriety and effect of the 1996 contract are critical to discerning what process he was due when Harlandale ISD set out to terminate his employment. Rather than seeking relief for the alleged 1996 irregularities themselves, Tijerina asserts them to show that he was never actually returned to probationary status and was entitled to, but deprived of, the procedural protections of a continuing contract in 1997.

The Commissioner concluded that Tijerina "failed to file the appeal of the awarding of a probationary contract within 45 days of the action complained of." But the action Tijerina is complaining of is his termination in 1997. Whether his complaint will succeed may implicate employment actions taken in 1996, but that contract is not the basis of his complaint. We do not find the Commissioner's contrary interpretation of Tijerina's pleadings reasonable on a jurisdictional challenge, particularly when the petition must be construed in the petitioner's favor, looking to his intent. Because the petition, construed in the light most favorable to the petitioner, does not support the Commissioner's finding that Tijerina seeks relief for actions taken in 1996, it also does not support the conclusion that the petition was untimely filed.

### Exhaustion of Remedies

The district court also affirmed the Commissioner's conclusion that Tijerina failed to exhaust his administrative remedies. The Commissioner's conclusion is based on the premise that the event appealed from is the 1996 reversion to probationary status. He opined that the 1996 reversion "should have been appealed to the board of trustees at that time, which it

was not," and concluded that this failure to appeal in 1996 constituted a failure to exhaust his remedies. Again, we hold that the Commissioner erred in concluding that the intent of Tijerina's petition was to challenge his return to probationary status in 1996 rather than to complain about the process he was afforded when he was terminated in 1997. Thus, Tijerina's failure to exhaust his administrative remedies in 1996 does not bar this complaint challenging his termination in 1997.[4]

## CONCLUSION

We construe Tijerina's pleadings to complain about his termination in 1997. We hold that the Commissioner unreasonably construed the intent of Tijerina's pleadings to be his return to probationary status in 1996 and this led to his erroneous conclusion that he lacked jurisdiction to hear the complaint because it was untimely filed and because administrative remedies had not been exhausted. Our reversal of the judgment is based on the current state of the pleadings, the text of the Commissioner's decision, and the scant record before us.

We conclude that the district court erred by affirming the Commissioner's dismissal of this petition for review. We overrule the motions for rehearing and for reconsideration en banc, and remand the cause to the district court with instructions that it be remanded to the Commissioner for further proceedings consistent with this opinion.

---

4. Harlandale ISD argued to the Commissioner that Tijerina failed to file a grievance with the school board in 1997 as well As this assertion did not form the basis of the Commissioner's decision, it does not affect our review of his decision. Further proceedings may reveal Tijerina failed to exhaust his administrative remedies in 1997. Dismissal of this action may then be appropriate.