**Dona WITTMAN, Appellant,**

v.

**Jim NELSON, Commissioner of Education, in his official capacity, and Carrizo Springs Independent School District, Appellees.**

No. 04–02–00347–CV.

Court of Appeals of Texas, San Antonio.

Dec. 11, 2002.

Rehearing Overruled Jan. 3, 2003.

Michael J. Currie, Austin, for Appellant.

Douglas A. Poneck, Escamilla & Poneck, Inc., San Antonio, Roger D. Hepworth and Sue M. Lee, Henslee, Fowler, Hepworth &

Schwartz, L.L.P., Eugene A. Clayborn, Asst. Atty. Gen., Austin, for Appellee.

Sitting: CATHERINE STONE, Justice, PAUL W. GREEN, Justice, SANDEE BRYAN MARION, Justice.

Opinion by: SANDEE BRYAN MARION, Justice.

Dona Wittman appeals the trial court's judgment finding substantial evidence to support the decision of Jim Nelson, the Commissioner of Education ("Commissioner"). The Commissioner upheld the termination of Wittman's teaching contract. We affirm the trial court's judgment.

### BACKGROUND

Wittman was employed by the Carrizo Springs Independent School District ("School District") for several years under a continuing contract. Wittman was suspended after she was accused of engaging in serious misconduct concerning the treatment of a student. Specifically, Wittman was alleged to have verbally harassed a six-year-old student, causing the student to cry uncontrollably.

On October 23, 2000, the superintendent of the School District, Gustavo Marinez, sent Wittman a letter, notifying her of his obligation to "take any steps necessary to ensure that such conduct is not repeated, including recommending the termination of [her] employment or obtaining [her] resignation." The letter references earlier discussions between Wittman and Marinez and states Marinez's willingness to accept Wittman's continued employment if she agreed to continue her employment under a probationary contract. Wittman was instructed to sign the probationary contract and return it to Marinez if she agreed to the terms Marinez described. Wittman executed the probationary contract for the 2000–2001 school year and returned it to Marinez.

On March 26, 2001, the School District's Board of Trustees voted to terminate Wittman's probationary contract at the end of the contract period. On April 2, 2001, the Board of Trustees sent Wittman written notice of its decision to terminate. On April 12, 2001, Wittman requested that a certified hearing examiner hear her case.

On June 26, 2001, a grievance hearing was conducted before a hearing examiner. On July 9, 2001, the hearing examiner entered an order finding that he was without jurisdiction to hear the appeal. The hearing examiner reasoned that Wittman agreed to the change to probationary contract status after receiving notice from Marinez, and the Board of Trustees gave proper notice of the School District's intent to terminate the probationary contract. On July 17, 2001, the Board of Trustees approved the hearing examiner's recommendation and added additional findings of fact and conclusions of law in its written decision. Wittman appealed the decision to the Commissioner by filing a petition for review.

On September 20, 2001, the Commissioner issued his decision, affirming the Board of Trustees' decision. Although the Commissioner noted that the School District had failed to give Wittman proper notice of the termination of her continuing contract before changing her to probationary contract status, the Commissioner concluded that Wittman failed to appeal the change in her contract status and, therefore, failed to exhaust her administrative remedies. The Commissioner agreed that the Board of Trustees was not permitted to add additional findings of fact to the hearing examiner's decision but concluded that the error had no effect on the out-

come of the case.[1] The trial court affirmed the Commissioner's decision.

### STANDARD OF REVIEW

▃▃▃ A Commissioner's decision may only be reversed on appeal if the decision is not supported by substantial evidence or the commissioner's conclusions of law are erroneous. *Montgomery ISD v. Davis*, 34 S.W.3d 559, 566 (Tex.2000). In this case, the Commissioner affirmed the dismissal of Wittman's grievance based on the absence of jurisdiction. The Commissioner concluded as a matter of law that the hearing examiner did not have jurisdiction to hear Wittman's case. We review the commissioner's legal conclusions to determine if they are erroneous. *Nelson v. Weatherwax*, 59 S.W.3d 340, 343 (Tex. App.-Fort Worth 2001, pet. denied). Because the conclusion of law involves a determination of jurisdiction, we construe the pleadings in favor Wittman, but we defer to the Commissioner's interpretation of the Texas Education Code and its application to the facts if the interpretation is reasonable and does not contradict the plain language of the statute. *See Tijerina v. Alanis*, 80 S.W.3d 292, 295 (Tex.App.-Austin 2002, pet. denied); *see also Nelson*, 59 S.W.3d at 343.

### DISCUSSION

Texas public school teachers must be employed under one of three different contracts: (1) a probationary contract; (2) a continuing contract; or (3) a term contract. TEX. EDUC.CODE ANN. § 21.002 (Vernon 1996). Under a probationary contract, the board of trustees may terminate the teacher's employment at the end of the contract period if the best interest of the district will be served by terminating the employment. TEX. EDUC.CODE ANN. § 21.103 (Vernon Supp.2002). The board of trustee's decision is final and may not be appealed. *Id.* Under a continuing contract, a teacher is entitled to continue in the teacher's position for future school years without the necessity of annual nomination or reappointment. TEX. EDUC.CODE ANN. § 21.154 (Vernon 1996). A teacher with a continuing contract may only be terminated for good cause. TEX. EDUC.CODE ANN. § 21.156 (Vernon 1996).

In lieu of discharging a teacher employed under a continuing contract, a school district may, with the written consent of the teacher, return the teacher to probationary contract status. TEX. EDUC. CODE ANN. § 21.106(a) (Vernon 1996). "A teacher may agree to be returned to probationary contract status only after receiving written notice of the proposed discharge, termination, or nonrenewal" of the teacher's continuing contract. TEX. EDUC. CODE ANN. § 21.106(b) (Vernon 1996). We will assume for purposes of this appeal that the board of trustees is required to provide the written notice required by section 21.106(b). *See* TEX. EDUC. CODE ANN. § 21.158 (Vernon 1996).

Wittman contends that the change in her contractual status did not comply with the statutory requirements because she received notice of her proposed discharge from the superintendent, not the Board of Trustees. The School District and the

---

1. Wittman contends that the addition of findings of fact and conclusions of law by the Board of Trustees is reversible error, citing *Montgomery ISD v. Davis*, 34 S.W.3d 559 (Tex.2000). *Davis* does not support this contention. In *Davis*, the Texas Supreme Court held that the additional findings of fact required reversal because, "Without those im-permissible additional findings or undisputed evidence to support its conclusion of law, the Board's ultimate determination cannot stand." 34 S.W.3d at 568. In this case, the Commissioner ignored the additional findings of fact and conclusions of law, and the Commissioner's decision can stand without those additional findings.

Commissioner raise numerous counter-arguments to Wittman's contention, including the argument that Wittman waived any required notice from the Board of Trustees and failed to exhaust her administrative remedies with regard to the change in her contractual status.[2]

Wittman asserts that the change in her contractual status violated both her procedural due process rights as a continuing contract employee and her statutory right to notice from the board of trustees. "A party contractually waives its constitutional or statutory rights by intelligently, voluntarily, and knowingly relinquishing a known right or acting inconsistent with claiming that right." *Fort Worth Ind. Sch. Dist. v. City of Fort Worth*, 22 S.W.3d 831, 844 (Tex.2000). Wittman agreed to the terms of the probationary contract and accepted the salary and benefits paid to her under the terms of that contract. Wittman could have elected to file a grievance over the change in her contractual status.[3] *See* 19 TEX. ADMIN. CODE § 157.051 (2002). By accepting the terms of the probationary contract until notified of the School District's intention not to renew that contract, Wittman acted inconsistently with claiming an existing right to a continuing contract. Accordingly, Witt-

man waived her right to complain about the lack of notice from the Board of Trustees, and she failed to exhaust her administrative remedies by not filing a grievance in October of 2000 when her contractual status was changed.

Wittman relies heavily on the Austin court's recent decision in *Tijerina v. Alanis*, 80 S.W.3d 292 (Tex.App.-Austin 2002, pet. denied). In *Tijerina*, however, the Austin court stated that its analysis turned on whether the Commissioner accurately characterized the intent of Tijerina's petition. *Id.* at 295. The Austin court rejected the Commissioner's characterization of the petition as challenging Tijerina's contractual status established by a probationary contract offered in the spring of 1996. *Id.* at 296. Instead, the Austin court characterized Tijerina's petition as challenging the decision to terminate his administrator contract without due process. *Id.*

Unlike the "scant record" in *Tijerina*, the record in this case consists of the written decision of the hearing examiner, a transcript of the hearing before the hearing examiner, the written decision of the Board of Trustees, the written decision of the Commissioner, the pleadings and the briefs filed during the administrative proceedings, and a transcript of the hearing

---

**2.** Because we resolve the issue raised in this appeal on the basis of waiver and failure to exhaust administrative remedies, we do not address the other counter-arguments raised by the School District and the Commissioner. *See* TEX.R.APP. P. 47.1 (opinion should be brief and only address issues necessary to final disposition of the appeal). `

**3.** Wittman contends that a grievance was not proper under section 157.051 of the Texas Administrative Code when her contractual status was changed because section 157.051 only applies if the grievance is not "otherwise provided by law." Wittman asserts that the action complained of had a procedure and protection "otherwise provided by law" because subchapter F of chapter 21 gave her the

right to present her case to a hearing examiner after receiving notice of the proposed termination. However, in making this assertion, Wittman ignores her own argument on appeal. Subchapter F of chapter 21 only gives Wittman the right to present her case to a hearing examiner when notice is provided regarding a proposed action to be taken by the Board of Trustees. *See* TEX. EDUC.CODE ANN. §§ 21.159, 21.251 (Vernon 1996). The change in Wittman's contractual status based on notice from a superintendent is a decision that does not have a grievance procedure "otherwise provided by law." Accordingly, a grievance was proper under section 157.051 to complain of the alleged lack of proper notice.

before the trial court. In Wittman's petition, she states, "At the center of this dispute is the placement of Petitioner Dona Wittman on a probationary contract on or about October 24, 2000." Wittman's petition contends that she is entitled to relief because "Respondent never complied with the mandatory statutory provisions to notify [her] of a proposed termination," citing section 21.158 of the Education Code. Finally, Wittman's petition sets forth an alternative argument assuming, for argument purposes only, that she is employed under a probationary contract. Therefore, unlike the petition filed in *Tijerina*, Wittman's petition can only be characterized as challenging the change in her contractual status based on improper notice—a complaint that she failed to challenge by filing a grievance in October of 2000 and a complaint that she has waived.

At the time the School District voted to terminate Wittman's contract, Wittman was employed under a probationary contract. The Board of Trustee's decision to terminate the probationary contract is final and may not be appealed. TEX. EDUC. CODE ANN. § 21.103 (Vernon Supp.2002). The Commissioner's conclusion that the hearing examiner lacked jurisdiction to consider Wittman's complaint is not erroneous. Therefore, the trial court's judgment is affirmed.