No. 04-02-00347-CV



Dona WITTMAN,


Appellant



v.



Jim NELSON, Commissioner of Education, in his official capacity, 


and Carrizo Springs Independent School District,


Appellees



From the 365th Judicial District Court, Dimmit County, Texas


Trial Court No. 01-10-09543-CV


Honorable Amado J. Abascal, III, Judge Presiding



Opinion by: Sandee Bryan Marion, Justice


Sitting: Catherine Stone, Justice

 Paul W. Green, Justice

 Sandee Bryan Marion, Justice


Delivered and Filed: December 11, 2002


AFFIRMED

 Dona Wittman appeals the trial court's judgment finding substantial evidence to support the
decision of Jim Nelson, the Commissioner of Education ("Commissioner"). The Commissioner
upheld the termination of Wittman's teaching contract. We affirm the trial court's judgment.


Background


 Wittman was employed by the Carrizo Springs Independent School District ("School
District") for several years under a continuing contract. Wittman was suspended after she was
accused of engaging in serious misconduct concerning the treatment of a student. Specifically,
Wittman was alleged to have verbally harassed a six-year-old student, causing the student to cry
uncontrollably. 

 On October 23, 2000, the superintendent of the School District, Gustavo Marinez, sent
Wittman a letter, notifying her of his obligation to "take any steps necessary to ensure that such
conduct is not repeated, including recommending the termination of [her] employment or obtaining
[her] resignation." The letter references earlier discussions between Wittman and Marinez and states
Marinez's willingness to accept Wittman's continued employment if she agreed to continue her
employment under a probationary contract. Wittman was instructed to sign the probationary contract
and return it to Marinez if she agreed to the terms Marinez described. Wittman executed the
probationary contract for the 2000-2001 school year and returned it to Marinez.

 On March 26, 2001, the School District's Board of Trustees voted to terminate Wittman's
probationary contract at the end of the contract period. On April 2, 2001, the Board of Trustees sent
Wittman written notice of its decision to terminate. On April 12, 2001, Wittman requested that a
certified hearing examiner hear her case. 

 On June 26, 2001, a grievance hearing was conducted before a hearing examiner. On July
9, 2001, the hearing examiner entered an order finding that he was without jurisdiction to hear the
appeal. The hearing examiner reasoned that Wittman agreed to the change to probationary contract
status after receiving notice from Marinez, and the Board of Trustees gave proper notice of the
School District's intent to terminate the probationary contract. On July 17, 2001, the Board of
Trustees approved the hearing examiner's recommendation and added additional findings of fact and
conclusions of law in its written decision. Wittman appealed the decision to the Commissioner by
filing a petition for review.

 On September 20, 2001, the Commissioner issued his decision, affirming the Board of
Trustees' decision. Although the Commissioner noted that the School District had failed to give
Wittman proper notice of the termination of her continuing contract before changing her to
probationary contract status, the Commissioner concluded that Wittman failed to appeal the change
in her contract status and, therefore, failed to exhaust her administrative remedies. The
Commissioner agreed that the Board of Trustees was not permitted to add additional findings of fact
to the hearing examiner's decision but concluded that the error had no effect on the outcome of the
case. (1) The trial court affirmed the Commissioner's decision.

Standard of Review


 A Commissioner's decision may only be reversed on appeal if the decision is not supported
by substantial evidence or the commissioner's conclusions of law are erroneous. Montgomery ISD
v. Davis, 34 S.W.3d 559, 566 (Tex. 2000). In this case, the Commissioner affirmed the dismissal
of Wittman's grievance based on the absence of jurisdiction. The Commissioner concluded as a
matter of law that the hearing examiner did not have jurisdiction to hear Wittman's case. We review
the commissioner's legal conclusions to determine if they are erroneous. Nelson v. Weatherwax, 59
S.W.3d 340, 343 (Tex. App.--Fort Worth 2001, pet. denied). Because the conclusion of law
involves a determination of jurisdiction, we construe the pleadings in favor Wittman, but we defer
to the Commissioner's interpretation of the Texas Education Code and its application to the facts if
the interpretation is reasonable and does not contradict the plain language of the statute. See Tijerina
v. Alanis, 80 S.W.3d 292, 295 (Tex. App.--Austin 2002, pet. denied); see also Nelson, 59 S.W.3d
at 343.

Discussion


 Texas public school teachers must be employed under one of three different contracts: (1)
a probationary contract; (2) a continuing contract; or (3) a term contract. Tex. Educ. Code Ann.
§ 21.002 (Vernon 1996). Under a probationary contract, the board of trustees may terminate the
teacher's employment at the end of the contract period if the best interest of the district will be
served by terminating the employment. Tex. Educ. Code Ann. § 21.103 (Vernon Supp. 2002). The
board of trustee's decision is final and may not be appealed. Id. Under a continuing contract, a
teacher is entitled to continue in the teacher's position for future school years without the necessity
of annual nomination or reappointment. Tex. Educ. Code Ann. § 21.154 (Vernon 1996). A teacher
with a continuing contract may only be terminated for good cause. Tex. Educ. Code Ann. § 21.156
(Vernon 1996).

 In lieu of discharging a teacher employed under a continuing contract, a school district may,
with the written consent of the teacher, return the teacher to probationary contract status. Tex.
Educ. Code Ann. § 21.106(a) (Vernon 1996). "A teacher may agree to be returned to probationary
contract status only after receiving written notice of the proposed discharge, termination, or
nonrenewal" of the teacher's continuing contract. Tex. Educ. Code Ann. § 21.106(b) (Vernon
1996). We will assume for purposes of this appeal that the board of trustees is required to provide
the written notice required by section 21.106(b). See Tex. educ. Code Ann. § 21.158 (Vernon
1996).

 Wittman contends that the change in her contractual status did not comply with the statutory
requirements because she received notice of her proposed discharge from the superintendent, not the
Board of Trustees. The School District and the Commissioner raise numerous counter-arguments
to Wittman's contention, including the argument that Wittman waived any required notice from the
Board of Trustees and failed to exhaust her administrative remedies with regard to the change in her
contractual status. (2)

 Wittman asserts that the change in her contractual status violated both her procedural due
process rights as a continuing contract employee and her statutory right to notice from the board of
trustees. "A party contractually waives its constitutional or statutory rights by intelligently,
voluntarily, and knowingly relinquishing a known right or acting inconsistent with claiming that
right." Fort Worth Ind. Sch. Dist. v. City of Fort Worth, 22 S.W.3d 831, 844 (Tex. 2000). Wittman
agreed to the terms of the probationary contract and accepted the salary and benefits paid to her
under the terms of that contract. Wittman could have elected to file a grievance over the change in
her contractual status. (3) See 19 Tex. Admin. Code § 157.051 (2002). By accepting the terms of the
probationary contract until notified of the School District's intention not to renew that contract,
Wittman acted inconsistently with claiming an existing right to a continuing contract. Accordingly,
Wittman waived her right to complain about the lack of notice from the Board of Trustees, and she
failed to exhaust her administrative remedies by not filing a grievance in October of 2000 when her
contractual status was changed.

 Wittman relies heavily on the Austin court's recent decision in Tijerina v. Alanis, 80 S.W.3d
292 (Tex. App.--Austin 2002, pet. denied). In Tijerina, however, the Austin court stated that its
analysis turned on whether the Commissioner accurately characterized the intent of Tijerina's
petition. Id. at 295. The Austin court rejected the Commissioner's characterization of the petition
as challenging Tijerina's contractual status established by a probationary contract offered in the
spring of 1996. Id. at 296. Instead, the Austin court characterized Tijerina's petition as challenging
the decision to terminate his administrator contract without due process. Id.

 Unlike the "scant record" in Tijerina, the record in this case consists of the written decision
of the hearing examiner, a transcript of the hearing before the hearing examiner, the written decision
of the Board of Trustees, the written decision of the Commissioner, the pleadings and the briefs filed
during the administrative proceedings, and a transcript of the hearing before the trial court. In
Wittman's petition, she states, "At the center of this dispute is the placement of Petitioner Dona
Wittman on a probationary contract on or about October 24, 2000." Wittman's petition contends
that she is entitled to relief because "Respondent never complied with the mandatory statutory
provisions to notify [her] of a proposed termination," citing section 21.158 of the Education Code.
Finally, Wittman's petition sets forth an alternative argument assuming, for argument purposes only,
that she is employed under a probationary contract. Therefore, unlike the petition filed in Tijerina,
Wittman's petition can only be characterized as challenging the change in her contractual status
based on improper notice - a complaint that she failed to challenge by filing a grievance in October
of 2000 and a complaint that she has waived.

 At the time the School District voted to terminate Wittman's contract, Wittman was
employed under a probationary contract. The Board of Trustee's decision to terminate the
probationary contract is final and may not be appealed. Tex. Lab. Code Ann. § 21.103 (Vernon
Supp. 2002). The Commissioner's conclusion that the hearing examiner lacked jurisdiction to
consider Wittman's complaint is not erroneous. Therefore, the trial court's judgment is affirmed.


 Sandee Bryan Marion, Justice


PUBLISH

1. Wittman contends that the addition of findings of fact and conclusions of law by the Board of Trustees is
reversible error, citing Montgomery ISD v. Davis, 34 S.W.3d 559 (Tex. 2000). Davis does not support this contention.
In Davis, the Texas Supreme Court held that the additional findings of fact required reversal because, "Without those
impermissible additional findings or undisputed evidence to support its conclusion of law, the Board's ultimate
determination cannot stand." 34 S.W.3d at 568. In this case, the Commissioner ignored the additional findings of fact
and conclusions of law, and the Commissioner's decision can stand without those additional findings.



2. Because we resolve the issue raised in this appeal on the basis of waiver and failure to exhaust administrative
remedies, we do not address the other counter-arguments raised by the School District and the Commissioner. See Tex.
R. App. P. 47.1 (opinion should be brief and only address issues necessary to final disposition of the appeal).
3. Wittman contends that a grievance was not proper under section 157.051 of the Texas Administrative Code
when her contractual status was changed because section 157.051 only applies if the grievance is not "otherwise provided
by law." Wittman asserts that the action complained of had a procedure and protection "otherwise provided by law"
because subchapter F of chapter 21 gave her the right to present her case to a hearing examiner after receiving notice
of the proposed termination. However, in making this assertion, Wittman ignores her own argument on appeal.
Subchapter F of chapter 21 only gives Wittman the right to present her case to a hearing examiner when notice is
provided regarding a proposed action to be taken by the Board of Trustees. See Tex. Educ. Code Ann. §§ 21.159,
21.251 (Vernon 1996). The change in Wittman's contractual status based on notice from a superintendent is a decision
that does not have a grievance procedure "otherwise provided by law." Accordingly, a grievance was proper under
section 157.051 to complain of the alleged lack of proper notice.