Opinion issued July 12, 2007

 









In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00653-CV






JUDITH TARRANT, Appellant


V.


CLEAR CREEK INDEPENDENT SCHOOL DISTRICT AND

SHIRLEY J. NEELEY, ED.D., COMMISSIONER OF EDUCATION

IN HER OFFICIAL CAPACITY, Appellees






On Appeal from the 56th District Court

Galveston County, Texas

Trial Court Cause No. 05CV1355






O P I N I O N

 Appellant, Judith Tarrant, a retired school teacher, appeals the summary
judgment rendered in the trial court in favor of appellees Clear Creek Independent
School District (CCISD) and Shirley J. Neeley, Ed.D., in her official capacity as
Commissioner of Education (the Commissioner). Appellant brings one issue in
which she complains that the Commissioner's decision to deny appellant's appeal of
CCISD's nonrenewal (1) of her one-year contract was arbitrary and capricious and
contains erroneous conclusions of law and must, therefore, be reversed. We affirm. 

BACKGROUND


 In 2003, appellant, resigned from CCISD. She then retired that same year from
Sweeney Independent School District after one day's work. She was rehired by
CCISD for the 2004-2005 school year under a special provision permitting retirees
who are certified in an "acute shortage area" to return to work without forfeiting their
pensions or retirement benefits. Appellant's contract with CCISD was for a one-year
term. In March 2005, appellant was notified by letter that the superintendent of
CCISD would recommend to the Board of Trustees (the Board) that her contract not
be renewed. Approximately three weeks later, appellant received notice informing
her that the Board had adopted the superintendent's recommendation and that the
reasons the contract was not renewed included the following: (2)

 32. Failure of a retired/rehired employee to meet the criteria for
continued employment as set forth at DC(LOCAL). 


 Specifically, Board Policy DC(LOCAL) requires that the contracts of
persons hired under the retire/rehire policy "shall be limited to one
year." You were hired in an "acute teacher shortage area" under this
policy in August 2004. At the end of each year, these positions are
vacated, and under the terms of your contract, the contract expires each
year. Of course, you may reapply subject to the requirements stated in
Board Policy DC(LOCAL). 


 The letter also informed appellant that she could request a hearing before the
Board. Appellant requested a hearing, and, at the close of the hearing, the Board
voted not to renew appellant's contract. Appellant appealed the Board's decision to
the Commissioner, who made findings of fact and conclusions of law and denied the
appeal. Appellant filed suit in the district court for judicial review of the
Commissioner's ruling. See Tex. Educ. Code Ann. § 21.307 (Vernon 2006). The
district court rendered summary judgment in favor of CCISD and the Commissioner,
and appellant then filed this appeal. 

DISCUSSION


 In support of her contention that the Commissioner's decision was arbitrary and
capricious and contained erroneous conclusions of law, appellant advances three
arguments. She first contends that the school district was not authorized to issue a
teaching contract that expired after one year and could not be renewed. Second, she
argues that the Government Code does not require that positions held by teachers
under the "acute shortage area exception" be vacated in order to hire nonretirees. 
Third, she asserts that the Education Code permits a school district to nonrenew a
teacher's contract only for a pre-established reason and that participation in the "acute 
shortage area exception" was not a pre-established reason. 

A. Standard of Review

 We review the district court's judgment affirming or denying the
Commissioner of Education's decision by a substantial-evidence standard, as follows:

 We must determine whether the evidence as a whole is such that
reasonable minds could have reached the same conclusion as the agency
in the disputed action. We may not substitute our judgment for that of
the agency and may only consider the record on which the agency based
its decision. The true test is not whether the agency reached the correct
conclusion, but whether some reasonable basis exists in the record for
the action taken by the agency. The findings, inferences, conclusions,
and decisions of an administrative agency are presumed to be supported
by substantial evidence, and the burden is on the contestant to prove
otherwise. 


Tijerina v. Alanis, 80 S.W.3d 292, 295 n.2 (Tex. App.--Austin 2002, pet. denied)
(citations omitted). We must uphold an agency finding--even if the evidence
actually preponderates against that finding--as long as the evidence suggests that the
agency's determination was within the bounds of reasonableness. Sw. Pub. Serv. v.
Pub. Util. Comm'n, 962 S.W.2d 207, 215 (Tex. App.--Austin 1998, pet. denied). An
agency decision that is not supported by substantial evidence is deemed arbitrary and
capricious. Weslaco Fed'n of Teachers v. Tex. Educ. Agency, 27 S.W.3d 258, 266
(Tex. App.--Austin 2000, no pet.) (citing Pub. Util. Comm'n v. Gulf States Utils. Co.,
809 S.W.2d 201, 211 (Tex. 1991)). We give great weight to the construction of a
statute by an administrative agency charged to enforce the statute as long as the
construction is reasonable and does not contradict the plain language of the statute. 
Reliant Energy, Inc. v. Pub. Util. Comm'n, 153 S.W.3d 174, 187 (Tex. App.--Austin
2004, pet. denied). We may not reverse the Commissioner's decision unless it is not
supported by substantial evidence or unless the Commissioner's conclusions of law
are erroneous. Tex. Educ. Code Ann. § 21.307(f) (Vernon 2006).

B. The Commissioner's Decision

 Appellant contends that there are no factual disputes in this case and does not
challenge the Commissioner's findings of fact. Rather, appellant challenges the
Commissioner's interpretation of relevant statutes and her conclusions of law. In the
discussion of the case, the Commissioner's decision contains the following statement:

 As required by section 824.603 (3) of the Government Code,
Respondent adopted Policy DC(LOCAL) which sets forth the
procedures for hiring retirees, including the requirement of certification
in an acute shortage area for the school year in which the retiree will be
teaching. While allowing retirees to work for the school district without
losing retirement payments, the policy requires that preference be given
to certified applicants who are not retirees. A retiree who is hired under
this policy is limited to a one-year term contract. At the end of the one-year term, the retiree may reapply subject to the eligibility requirements
stated in the policy, including being certified in an acute shortage area
for the school year in which the retiree would be employed and a finding
that there are no certified applicants who are not retirees. 


 The decision includes the following pertinent conclusions of law:

 4. The Commissioner of Education is required to adopt
guidelines which establish areas of acute teacher shortages. These
guidelines must include a requirement that a certified applicant for a
position as classroom teacher who is not a retiree be given preference in
hiring. Tex. Gov't. Code Section 824.603(m).


 5. Petitioner was ineligible for continued employment under
Policy DC(LOCAL) at the time of her nonrenewal because it could not
be known whether there were certified applicants for the position who
were entitled to a preference. 


 6. A board may nonrenew a teacher's contract at the end of the
contract term for any nonrenewal reason specified in the board's
employment policies. Tex. Educ. Code § 21.203(b). 


 7. The reason given for Petitioner's nonrenewal was contained
in board policy DFBB (LOCAL). 


 8. Petitioner's contract could be nonrenewed based upon the
fact that she had not demonstrated eligibility for the coming school year. 


 . . . .


 11. The nonrenewal of Petitioner's term contract was not
arbitrary, capricious or unlawful and was supported by substantial
evidence. 


In this appeal, appellant specifically challenges conclusions of law numbers five and
six. She impliedly challenges conclusions numbers eight and eleven. 

C. Pertinent Statutes and CCISD Policies

 A retired teacher who returns to teaching usually forfeits her retirement annuity
and other benefits for the period of time that she is in a paid teaching position. 
However, the Government Code provides some exceptions to this rule of forfeiture,
one of which applies to retirees who are certified in an acute teacher shortage area
and who have been retired for at least 12 months. See Tex. Gov't Code Ann.
§ 824.602(a)(5) (Vernon Supp. 2006). (4) School districts are charged with determining
their acute shortage areas and are required to give preference in filling those positions
to applicants who are not retirees. Tex. Gov't Code Ann. § 824.602(m) (Vernon
Supp. 2006). (5) 

 School districts may offer teachers fixed-term contracts that are consistent with
the Education Code, and the district must make the district's employment policies
available for inspection. Tex. Educ. Code Ann. § 21.204 (a)-(d) (Vernon 2006). (6) 
However, a teacher does not have a property interest in a contract beyond its term.
Tex. Educ. Code Ann. § 21.204 (e) (Vernon 2006). If the school district does not
timely notify a teacher of its intent not to renew a term contract, the teacher's term
contract does not expire, but is renewed by operation of law. Tex. Educ. Code Ann.
§ 21.206(a), (b) (Vernon 2006). (7) The Education Code further provides, "The
employment policies must include reasons for not renewing a teacher's contract at the
end of a school year." Tex. Educ. Code Ann. § 21.203(b) (Vernon 2006). 

 With respect to acute teacher shortage areas and retirees, CCISD's Policy
DC(LOCAL) provides, under Eligibility for Rehire:

 Effective with the adoption of this policy, a person who has
retired from the District under the Teacher Retirement System of Texas
(TRS) shall not be eligible to be rehired by the District on either a full-time or part-time basis unless the person is to be hired in one of the
following: 

 1. A position determined by the Board to be an "acute teacher
shortage area" for the school year in which the retiree
would be employed; 

 2. A substitute position; or 

 3. At-will positions in areas the Superintendent, at his or her
discretion, has identified as a shortage area. Any retired
employee seeking to return to employment in the District
shall complete the application process and be considered
along with other applicants. In accordance with
Government Code 824.602(a)(m)(3), in considering
applicants for professional educator positions, the District
must give preference to certified applicants who are not
retirees. 


 The Board shall review annually the list of acute teacher shortage
areas in which retired teachers or administrators may be hired and shall
authorize the Superintendent to make such additions or deletions to the
list as may be necessary in accordance with applicable law. 


 A retiree who is rehired by the District shall: 

 1. If hired as a full-time employee, be entitled to the same
type of contract as a classroom teacher who is not retired. 
Any contract entered into with a District retiree following
the adoption of this policy shall be limited to one year. At
the end of the one-year term, the retiree may reapply
subject to the requirements stated above at ELIGIBILITY
FOR REHIRE. 


 The CCISD policies governing term-contract nonrenewal, DFBB(LOCAL),
lists 33 reasons for term-contract nonrenewal. Reason number 32 states, "Failure of
a retired/rehired employee to meet the criteria for continued employment as set forth
at DC(LOCAL)." 

D. Analysis

 Appellant mischaracterizes the dispositive issue in this appeal by asserting,
"The central legal dispute presented in this appeal is whether or not state law required
the nonrenewal of Ms. Tarrant's teaching contract." Neither CCISD nor the
Commissioner has claimed that the law required the nonrenewal of appellant's
contract. The issue before us is whether the Commissioner's construction of the
statutes was reasonable and her conclusions of law were erroneous. 

 1. The One-Year Contract

 Appellant's first argument--that the school district was not authorized to issue
a contract that expired after one year--is premised on the assumption that her contract
was not the same type as nonretired teachers' contracts because it expired and "could
not be renewed." That assumption is incorrect. CCISD's counsel explained at the
hearing before the Board of Trustees that, had CCISD not given notice of
nonrenewal, appellant would have automatically been reemployed. Thus, the reason
for giving the notice of nonrenewal in March was to avoid the automatic renewal. 
There is no evidence to support appellant's claims that her contract was different from
the contracts of nonretired teachers or that her contract "could not be renewed." 

 Appellant also complains that the Commissioner's conclusions of law numbers
five and six are erroneous. Conclusion of law number five--that appellant was
ineligible for continued employment at the time of nonrenewal--was based on
CCISD's policies DC(LOCAL) and DFBB(LOCAL). Conclusion of law number
six--that nonrenewal may be for any reason specified in the board's employment
policies--was based on the Commissioner's construction of section 21.203(b) of the
Education Code. Nothing in the Education Code or the Government Code precludes
CCISD's policies, and appellant has not demonstrated otherwise. We conclude that
the Commissioner's construction of the relevant statutes is reasonable and is
consistent with the plain language of the statutes. We further conclude that the
Commissioner's conclusions of law numbers five and six are not erroneous.

 2. The Required Hiring Preference

 Appellant asserts that the Government Code "does not require that positions
held by teachers under the 'acute shortage area exception' be vacated in order to hire
nonretirees." Appellant is correct. The Commissioner's decision, however, did not
conclude that the Government Code had such a requirement. Likewise, the
Commissioner's decision did not indicate that a district must annually sever the
employment relationship with retired teachers. Rather, the decision upheld the action
taken by CCISD to implement its policy of limiting the employment of retired
teachers to one-year contracts in order to implement the Education Code's
requirement that preference in hiring be given to nonretiree applicants for those
positions. 

 The Commissioner's decision did not conclude that CCISD's policy is required
by the statute or that the policy is the sole means by which CCISD may satisfy the
requirement that nonretirees be given preference. The Education Code places no
limits on the reasons for nonrenewal of a teacher's contract, but merely requires that
reasons (1) not be arbitrary and capricious and (2) be supported by substantial
evidence. See Tex. Educ. Code Ann. § 21.209 (Vernon 2006). A school district
must also state the possible reasons for nonrenewal in the district's employment
policies. See Tex. Educ. Code Ann. § 21.203(b). By upholding the Board's
decision, the Commissioner's decision impliedly affirmed CCISD's policy as an
acceptable means of implementing the statutory requirements. 

 3. Pre-established Reason for Nonrenewal

 In her third argument, appellant asserts that the Education Code permits
nonrenewal of a teacher's contract only for a pre-established reason and that a
retiree's participation in the "acute shortage area exception" was not a pre-established
reason. Appellee contends that the reason for the nonrenewal of her contract was the
limitation to a one-year contract. 

 The record unequivocally demonstrates, however, that the stated, pre-established reason for the nonrenewal of appellant's contract was "Failure of a
retired/rehired employee to meet the criteria for continued employment as set forth
at DC(LOCAL)." As the record further demonstrates, DC(LOCAL) lists the
following criteria for the employment of a retired teacher under the acute shortage
area exception: (1) the former teacher must have been officially retired for at least one
full calendar year; (2) the former teacher must be hired to teach in an "acute teacher
shortage area"; (3) the school district must give preference to certified applicants who
are not retirees; and (4) the Board must review annually the list of acute teacher
shortage areas and authorize the Superintendent to make additions and deletions as
necessary. 

 The school district's policy of limiting rehired retirees to one-year contracts
thus enables the district to implement its stated policies to (1) give preference to
applicants who are not retirees and (2) to make any necessary changes to the list of
acute shortage areas. 

 We overrule appellant's sole issue. 

CONCLUSION


 We hold that the Commissioner's construction of the Government Code
pertaining to the employment of retirees and the Education Code pertaining to the
nonrenewal of contracts is reasonable and does not contradict the plain language of
the statutes. 

 We further hold that the Commissioner's conclusion of law number five--that
appellant was ineligible for continued employment under Policy DC(LOCAL)--and
conclusion of law number six--that a board may nonrenew a teacher's contract for
any nonrenewal reason specified in the board's employment policies--are not
erroneous. Therefore, the Commissioner's decision was within the bounds of
reasonableness and was not arbitrary and capricious. 

 We further hold that appellant has not carried her burden to overcome the
presumption that the Commissioner's decision was supported by substantial evidence. 

 Accordingly, we affirm the trial court's judgment.



 Sam Nuchia

 Justice


Panel consists of Justices Nuchia, Hanks, and Bland. 
1. "Nonrenewal" is a term of art used in the Education Code when referring to a school
district's refusal to renew a contract. See, e.g., Tex. Educ. Code Ann. §§ 21.206, 21.207,
21.208, 21.209 (Vernon 2006). 
2. A second reason stated in the notice--"Any breach by the employee of an
employment contract or any reason specified in the employee's employment contract"--has
apparently been abandoned by CCISD.
3. The Commissioner's references to section 824.603 in the written decision are
apparently typographical errors. Section 824.602 pertains to the hiring of retired teachers for
acute shortage areas. See Tex. Gov't Code Ann. § 824.602 (Vernon Supp. 2006).
4. Section 824.602(a)(5) provides: 


 Subject to Section 825.506, the retirement system may not, under
Section 824.601, withhold a monthly benefit payment if the retiree is employed
in a Texas Public educational institution:

 . . . .

 (5) in a position as a classroom teacher . . . , if the retiree . . . is certified
under Subchapter B, Chapter 21, Education Code, to teach the subjects
assigned, is teaching in an acute shortage area as determined by the board of
trustees of a school district as provided by Subsection (m), and has been
separated from service with all public schools for at least 12 months. 


Tex. Gov't Code Ann. § 824.602(a)(5). 
5. Section 824.602(m), provides: 


 The board of trustees of a school district by rule shall determine, for
purposes of Subsection (a), whether there are acute shortage areas in the
district. A determination must be based on acute shortage area guidelines that
are adopted by the commissioner of education. The guidelines adopted by the
commissioner of education must include: 

 (1) a list of acute shortage areas; 

 (2) suggested criteria for identifying local acute shortage areas; and 

 (3) a requirement that a certified applicant for a position as a classroom
teacher who is not a retiree be given preference in hiring. 


Tex. Gov't Code Ann. § 824.602(m). 
6. Section 21.204 of the Education Code provides: 


 (a) A term contract must be in writing and must include the terms of
employment prescribed by this subchapter.

 (b) The board of trustees may include in the contract other provisions
that are consistent with this subchapter.

 (c) Each contract under this subchapter is subject to approval by the
board of trustees.

 (d) The board of trustees shall provide each teacher with a copy of the
teacher's contract with the school district and, on the teacher's request, a copy
of the board's employment policies. If the district has an Internet website, the
district shall place the board's employment policies on that website. At each
school in the district, the board shall make a copy of the board's employment
policies available for inspection at a reasonable time on request. 

 (e) A teacher does not have a property interest in a contract beyond its
term. 


Tex. Educ. Code Ann. § 21.204 (Vernon 2006). 
7. Section 21.206 of the Education Code provides in pertinent part:

 

 (a) Not later than the 45th day before the last day of instruction in a
school year, the board of trustees shall notify in writing each teacher whose
contract is about to expire whether the board proposes to renew or not renew
the contract. 

 (b) The board's failure to give the notice required by Subsection (a)
within the time specified constitutes an election to employ the teacher in the
same professional capacity for the following school year. 


Tex. Educ. Code Ann. § 21.206(a), (b).