TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-09-00681-CV






Timothy Maiden, Appellant


v.


The Texas Education Agency and 

Cypress-Fairbanks Independent School District, Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT

NO. GN304169, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 Timothy Maiden sued the Texas Commissioner of Education ("Commissioner") and
Cypress-Fairbanks Independent School District ("District") for judicial review of the
Commissioner's order dismissing his grievance against the District for lack of jurisdiction. The trial
court affirmed the Commissioner's order of dismissal. Maiden asserts (1) the Commissioner had
jurisdiction over the allegations that the District violated state school laws, and (2) the Commissioner
had jurisdiction to enforce provisions of the federal Family Educational and Privacy Rights Act and
the Coverdell Teacher Protection Act of 2001. (1) We will affirm the trial court's judgment.


FACTUAL AND PROCEDURAL BACKGROUND

 Maiden's five-year old son, T.M., was a kindergarten student at the District's Wilson
Elementary School during the 2001-2002 school year. In August 2001 during the first week of
school, T.M. twice missed the school bus. Later that same month, T.M. was required to sign a
disciplinary form regarding his behavior on the bus, even though he could not read and his parents
were not present. After Maiden complained, campus officials, including the school's principal, met
with him and attempted to resolve his concerns. However, he sent a grievance letter to the District's
central administration expressing discontent with the school's responses to the incidents.

 The District's central administration investigated both incidents, held hearings, and
provided Maiden with its results and recommendations. Still dissatisfied, Maiden appealed to the
District's board of trustees ("Board"), contending the central administration's findings were incorrect
and T.M. should not have been required to sign a form he could not read. The Board denied
Maiden's grievance.

 In a letter to the Commissioner filed in April 2002, Maiden requested the
Commissioner's review of the "horrific ordeal" he had experienced "while communicating with
some of the [District] Officials." He alleged that the evidence he was submitting, including a
student's disciplinary form, a transcript of the administration's grievance hearing, and an audio tape
of his meeting with the Board, showed that "many of the correspondences and conferences
(including the final Board Meeting with the [District's] Board of Trustees and the [superintendent
of schools] was window dressing by the [District] Officials." Maiden contended that the school
superintendent "purposely" did not attempt to answer many of his questions because the
superintendent knew that "truthful answers" would "further incriminate the District." Maiden then
set out a detailed description of the events that gave rise to his letter appeal.

 The District filed a plea to the jurisdiction alleging that none of the allegations set
forth in Maiden's letter asserted a claim within the Commissioner's jurisdiction. An administrative
law judge (ALJ) was assigned to the matter, and she agreed with the District. The ALJ gave Maiden
an opportunity to "amend" his petition, and he submitted a document entitled "Petitioner's Plea to
Jurisdiction and Relief" as his amended petition. 

 After considering Maiden's amended petition and the ALJ's proposal for decision,
the Commissioner determined that none of Maiden's allegations provided a basis for the
Commissioner to exercise jurisdiction over the case. The Commissioner concluded the amended
petition failed to allege a violation of the state's school laws and he did not have jurisdiction over
allegations of violations of the federal Family Educational and Privacy Rights Act and the Paul D.
Coverdell Teacher Protection Act of 2001. Believing he lacked jurisdiction, the Commissioner
ordered Maiden's appeal be dismissed. The trial court affirmed the Commissioner's dismissal order.


DISCUSSION

Standard of Review

 In general, when reviewing a judgment of the trial court regarding a factual
determination by the Commissioner, we conduct a substantial-evidence review. (2) Tijerina v. Alanis,
80 S.W.3d 292, 294-95 (Tex. App.--Austin 2002, pet. denied). But in this case, the Commissioner
determined he had no jurisdiction based solely on his application of the statutes defining his
jurisdiction to the allegations set forth in Maiden's amended petition. Although substantial-evidence
review may be appropriate when examining the Commissioner's decisions based on evidence
relevant to jurisdiction, this Court must look elsewhere for guidance in reviewing the
Commissioner's conclusion that he had no jurisdiction. Id. at 295.

 When reviewing a trial-court order dismissing a cause for lack of jurisdiction, we
construe the pleadings in favor of the plaintiff and look to the pleader's intent. Texas Ass'n of Bus.
v. Texas Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993). We have applied the same analysis
when reviewing the Commissioner's orders to determine whether pleading allegations state a basis
for the Commissioner to exercise jurisdiction. Tijerina, 80 S.W.3d at 295. Accordingly, we will
construe Maiden's pleadings in his favor and will look to his intent to determine whether his
pleadings state a basis for the Commissioner to exercise jurisdiction. However, we will defer to the
Commissioner's interpretation of the statute and its application to the facts if the interpretation is
reasonable and does not contradict the plain language of the statute. See Dodd v. Meno, 870 S.W.2d
4, 7 (Tex. 1994); Tijerina, 80 S.W.3d at 295; see also Railroad Comm'n of Texas v. Texas Citizens
for a Safe Future & Clean Water, 54 Tex. Sup. Ct. J. 642, 2011 WL 836827 (March 11, 2011)
(No.08-0497) (agency's interpretation of statute that agency is charged with enforcing is entitled to
"serious consideration" as long as construction is reasonable and does not conflict with statute's
language). 


Alleged Education Code Violations

 Maiden asserted the District violated state school laws that fall under the
Commissioner's jurisdiction. The Commissioner's jurisdiction to review school-board action is
limited to the following situations:


 (a) . . . a person may appeal in writing to the commissioner if the person
is aggrieved by:

 * * *

 (2) actions or decisions of any school district board of
trustees that violate:


 (A) the school laws of this state; or


 (B) a provision of a written employment
contract between the school district
and a school district employee . . . .



Act of May 30, 1995, 74th Leg., R.S., ch. 260, § 1, 1995 Tex. Gen. Laws 2207, 2215 (current version
at Tex. Educ. Code Ann. § 7.057(a) (West Supp. 2010)).

 The District has a three-tiered parent complaint system. Level I complaints are filed 
with and heard by the school campus. A parent can appeal the campus decision to the second level,
the District's central administration. The Level II decision of the central administration can be
appealed to the third and final level, the Board. 

 Maiden argued that, because his parental rights were not "properly adhered to,
exercised, or considered," the District violated sections 26.001 and 26.011 of the education code. 
See Tex. Educ. Code Ann. §§ 26.001, .011 (West 2006). He argued the District violated section
26.001, which sets forth the "Purpose" of chapter 26 entitled "Parental Rights and Responsibilities." 
 Section 26.001 reads as follows:


 (a) Parents are partners with educators, administrators, and school district
boards of trustees in their children's education. Parents shall be
encouraged to actively participate in creating and implementing
educational programs for their children.


 (b) The rights listed in this chapter are not exclusive. This chapter does
not limit a parent's rights under other law.


 (c) Unless otherwise provided by law, a board of trustees, administrator,
educator, or other person may not limit parental rights.


 (d) Each board of trustees shall provide for procedures to consider
complaints that a parent's right has been denied.


 (e) Each board of trustees shall cooperate in the establishment of ongoing
operations of at least one parent-teacher organization at each school
in the district to promote parental involvement in school activities.



Id. § 26.00. The parental rights listed in chapter 26 include rights concerning academic programs, (3)
access to student records, (4) access to state assessments, (5) access to teaching methods, (6) access to board
meetings, (7) a right to full information concerning student activities, (8) and a right to information
concerning special education and education of students with learning difficulties. (9) 

 Maiden alleged the District violated section 26.001(c) and (d) by upholding the
District's Level II investigation of the incidents involving his son that was "faulty, inaccurate,
misleading, and misrepresenting." See id. § 26.001. He contended he pointed out the associate-superintendent's "false statement" to the Board and the superintendent, but the Board and the
superintendent "remained motionless" and unresponsive. Also, he stated he told the Board that he
continues to receive false information from the District, but the Board "failed to properly address this
matter of a critical fact."

 Maiden also asserted he was receiving from the District "consistent inconsistencies
in information" and that T.M. had been "targeted and misrepresented" because Maiden filed a
complaint against District officials. He alleged the superintendent of schools failed to properly
address those issues, thus allowing the principal "to create an unstable learning environment for T.M.
and other children attending Wilson Elementary School." Maiden argued the District's targeting and
creating an unsafe learning environment violated section 26.001. Id. 

 Maiden further alleged the District failed to accurately follow its local grievance
policy by recording the Level II conference and his personal interview with the District's central
administrators and then editing the recordings and transcripts of those meetings. He contended those
actions violated section 26.011, which requires a school district to adopt a grievance process that
allows parents to present their complaints to the school board. See id. § 26.011. Section 26.011
reads as follows: 


 The board of trustees of each school district shall adopt a grievance process under
which the board shall address each complaint that the board receives concerning
violation of a right guaranteed by this chapter. 


Id.

 We conclude that, even if true, the facts as alleged by Maiden are not violations of
sections 26.001 and 26.011. See id. §§ 26.001,.011. His allegations fail to demonstrate a violation
of his rights concerning his son's academic programs, his access to his son's records, his access to
state assessments, his access to teaching methods, his access to board meeting, and his access to full
information regarding his son's activities, which are the parental rights addressed in chapter 26. 
Moreover, Maiden's allegations fail to demonstrate that, as required by section 26.011, the District
neglected to adopt a grievance process addressing each complaint that it receives concerning
violations of a right guaranteed by the education code. Rather, at most, his facts show that the
District allegedly conducted an inaccurate and misleading investigation of the events surrounding
his son's missing the school bus on two occasions and that the District failed to accurately follow
its adopted local grievance policy. 

 Maiden also claimed that the District's conduct violated section 4.001(b)(5) and (7)
of the education code and that the Commissioner had jurisdiction over targeting and the creation of
an unsafe learning environment. At the time of Maiden's appeal, Objectives 5 and 7 under
section 4.001(b), entitled "Public Education Mission and Objectives," read as follows:


 Objective 5: Qualified and highly effective personnel will be
provided to all students.


 Objective 7: School campuses will maintain a safe and disciplined
environment conducive to student learning.



Act of May 30, 1995, 74th Leg., R.S., ch. 260, § 4.001(b), 1995 Tex. Gen. Laws 2207, 2208
(amended 2003) (current version at Tex. Educ. Code Ann. § 4.001(b) (West 2006)). We agree with
the Commissioner's determination that, because section 4.001 provides only the mission statement
and objectives of public education, it does not set forth a cognizable cause of action that the
Commissioner can enforce. See id. 

 In 2001-2002, Section 37.001(b) entitled "Student Code of Conduct" read, in
pertinent part, as follows:


 A teacher with knowledge that a student has violated the student code
of conduct shall file with the school principal or other appropriate
administrator a written report . . . documenting the violation. The
principal or the other appropriate administrator shall, not later than 24
hours after receipt of a report from a teacher, send a copy of the report
to the student's parents or guardians.



Act of June 19, 1997, 75th Leg., R.S., ch. 1015, § 2, 1997 Tex. Gen. Laws 3701, 3702 (amended
2003) (current version at Tex. Educ. Code Ann. § 37.001 (West Supp. 2010)). Maiden asserted the 
District's conduct in failing to notify him within 24 hours of an alleged third school bus disciplinary-incident report violated both "the letter and spirit" of the 24-hour guideline of local school district
policy, as well as section 37.001(b) of the education code. See id. 

 The Commissioner determined that Maiden's complaints pertained to violations of
local school policy, that is, the District's student handbook or code of conduct. We agree. This
Court has held that the Commissioner's jurisdiction over grievances does not involve challenges to
local policies regarding matters of local discretion. Austin Indep. Sch. Dist. v. Lowery, 212 S.W.3d
827, 832 (Tex. App.--Austin 2006, pet. denied). Moreover, the Commissioner has no jurisdiction
over student disciplinary actions under chapter 37 of the education code. See Tex. Educ. Code Ann.
§ 7.057(e)(2) (West Supp. 2010). 

 Concluding that Maiden's amended petition failed to state a cognizable cause of
action, that is, it failed to set forth allegations that demonstrated the District violated state school
laws that fall within the Commissioner's jurisdiction as required by current section 7.057(a), we
overrule Maiden's first issue.


Alleged Federal Law Violations

 Maiden also alleged that certain of the District's actions violated the Paul D.
Coverdell Teacher Protection Act of 2001. 20 U.S.C. §§ 6731 et seq. (2001). He further contended
the District's conduct violated the Family Educational and Privacy Rights Act. See 20 U.S.C.
§ 1232g(a)(2) (2010). Titles I and II comprise the "school laws of the state" under the education
code. See Tex. Educ. Code Ann. § 7.057(f)(2) (West Supp. 2010). Because claims arising under
federal statutes are not within Titles I and II of the education code, the Commissioner lacked
authority to entertain them. See id.; Friona Indep. Sch. Dist. v. King, 15 S.W.3d 653, 658-59 (Tex.
App.--Amarillo 2000, no pet.). Maiden's second issue is overruled.


CONCLUSION

 Having concluded the Commissioner properly determined that Maiden failed to allege
any violations of state school laws that fall within the Commissioner's jurisdiction, we affirm the
trial court's order dismissing Maiden's grievance against the District.

 


 __________________________________________

 David Puryear, Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Affirmed

Filed: May 6, 2011
1. Because Maiden is a pro se litigant and his contentions are somewhat difficult to determine,
we have restated the substance of his arguments into two issues for analysis.
2. We must determine whether the evidence as a whole is such that reasonable minds could
have reached the same conclusion as the agency in the disputed action. Tijerina v. Alanis, 80 S.W.3d
292, 295 (Tex. App.--Austin 2002, pet. denied). We may not substitute our judgment for that of
the agency and may only consider the record on which the agency based its decision. Id. The
findings, inferences, conclusions, and decisions of an administrative agency are presumed to be
supported by substantial evidence, and the burden is on the contestant to prove otherwise. Id.
3. Tex. Educ. Code Ann. § 26.003 (West 2006).
4. Id. § 26.004 (West 2006).
5. Id. § 26.005 (West 2006).
6. Id. § 26.006 (West 2006).
7. Id. § 26.007 (West 2006).
8. Id. § 26.008 (West 2006).
9. Id. § 26.0081 (West 2006).