**MERCEDES INDEPENDENT SCHOOL DISTRICT, Appellant,**

v.

**Carolyn Smith MUNOZ, Appellee.**

**No. 13–95–167–CV.**

Court of Appeals of Texas, Corpus Christi.

Nov. 21, 1996.

Rehearing Overruled Jan. 9, 1997.

H. Denise Nance Pierce, Texas Association of School Boards, Austin, James E. Belton, Gomez & Belton, Brownsville, for appellant.

J. Rolando Olvera, Jr., Tom Fleming, Fleming & Hewitt, Brownsville, for appellee.

Before SEERDEN, C.J., and YAÑEZ and CHAVEZ, JJ.

## OPINION

SEERDEN, Chief Justice.

Mercedes Independent School District appeals an adverse judgment awarding Carolyn Smith Munoz damages for two years of lost salary and attorney's fees in her suit alleging breach of her teacher employment contract. By eight points of error, appellant challenges the jurisdiction of the trial court, the existence of and sufficiency of the evidence for selected findings of fact, certain conclusions of law, the admissibility of evidence, and the damages and attorney's fees awarded. Because appellant's first point of error regarding the jurisdiction of the trial court is dispositive of this case, we will address it first.

■ It is the contention of appellant that before the trial court could obtain jurisdiction over the matters in controversy, appellee was required to prove that she had exhausted the administrative remedies provided in her contract of employment and the Texas Education Code. Appellee contends, and the trial court agreed, that an exception to the exhaustion of administrative remedies applies where the only matter in controversy is a question of law and no fact issues are present. While we acknowledge the existence of this exception, we hold that it is not applicable in this case. Accordingly, we reverse the trial court's judgment and remand the case for action consistent with this opinion.

### Facts

Both the pleadings and the evidence show that appellee was hired by appellant on a probationary basis for the 1991–92 school year. The parties entered into an employment contract, the terms of which were consistent with the Texas Education Code. One of the provisions of the contract was that if appellant were to terminate her employment at the end of the contract term, notice of such termination was to be given on or before April 1, 1992. In December 1991, appellee requested, and was granted, a leave of absence from her duties because of medical advise regarding her pregnancy. While leaves of absence were not mentioned specifically in the employment contract, they were addressed both in the handbook explaining appellant policy and in the Texas Education Code.[1] Appellee's request for leave was ac-

---

1. The M.I.S.D. Faculty Handbook tracks the requirement of what then was Section 13.905(b) of the Texas Education Code. This provision of the Education Code was repealed in 1995 and reco-
dified, with modification, as Chapter 21, Subchapter C, Section 21.409(b) of the Code. Act of May 30, 1995, 74th Leg., R.S., ch. 260, § 1, 1995 Tex.Gen.Laws 2207, 2280.

companied by a note which stated that she intended to return to work if her contract was renewed for the 1992–93 school year. Appellant did not notify appellee that it did not intend to renew her contract by the April deadline provided for in her contract. In August 1992, appellee telephoned the assistant school superintendent for appellant about her classroom assignment for the coming school year. During this conversation, appellee was informed that there was no assignment available with appellant. Appellee took no further action nor did she have any other contact with appellant until the filing of this suit. In December 1992, she did contact a Texas State Teachers Association (T.S.T.A.) representative who advised her of her rights to an administrative review of her grievances. She was also advised that T.S.T.A. would furnish her with legal counsel in connection with the matter. No administrative relief or request for review with appellant was made by appellee prior to the filing of this suit on May 18, 1993.

## DISCUSSION

■ It is well settled that in all matters of dispute relating to the administration of school laws involving questions of fact, the methods of appeal provided by school law must be exhausted before courts can maintain jurisdiction of the dispute. *Mission Indep. Sch. Dist. v. Diserens,* 144 Tex. 107, 188 S.W.2d 568, 570 (1945). Texas courts have consistently recognized that because matters involving school administration are best handled by the local school authorities, courts should not decide factual disputes involving these matters until they have been reviewed first by the proper administrative authority. *Barrientos v. Ysleta Indep. Sch. Dist.,* 881 S.W.2d 159, 160 (Tex.App.—El Paso 1994, no writ); *Garcia v. Pharr, San Juan, Alamo Indep. Sch. Dist.,* 513 S.W.2d 636, 641 (Tex. Civ.App.—Corpus Christi 1974, writ ref'd n.r.e.).

The state legislature codified the exhaustion of administrative remedies doctrine by creating specific procedures complainants must follow when seeking judicial review of adverse employment decisions made by school administrators and boards of trustees. First, under the section of the Education Code in effect at all material times for this suit, when a teacher on a probationary contract wishes to appeal a termination decision, the teacher must appeal that decision to the local school district board of trustees. TEX. EDUC.CODE ANN. § 13.104 (Vernon 1991).[2] The statute specifically provides:

> [I]n the event a teacher holding a probationary contract is notified of the intention of the board of trustees to terminate his employment at the end of his current contract period, he shall have a right upon written request to a hearing before the board of trustees, and at such hearing, the teacher shall be given the reasons for termination of his employment. After such hearing, the board of trustees may confirm or revoke its previous action of termination; but in any event, the decision of the board of trustees shall be final and non-appealable.

TEX.EDUC.CODE ANN. § 13.104 (Vernon 1991).

Also, the Texas Administrative Procedure Act provides that only a person who has exhausted all administrative remedies available within a state agency and who is aggrieved by a final decision in a contested case is entitled to judicial review. TEX.GOV'T CODE ANN. § 2001.171 (Vernon Supp.1997)[3]; *see Texas Educ. Agency v. Cypress–Fairbanks Indep. Sch. Dist.,* 830 S.W.2d 88, 90 (Tex.1992); *see also Grounds v. Tolar Indep. Sch. Dist.,* 707 S.W.2d 889, 892 (Tex.1986) (indicating that aggrieved school teachers who wish to appeal adverse employment decisions made by local school districts must do so in compliance with the applicable teacher

---

**2.** The law has changed since the facts of this case developed. *See* Act of May 30, 1995, 74th Leg., R.S., ch. 260, § 1, 1995 Tex.Gen.Laws 2207, 2265–66. Under the revised Education Code, the decision not to renew a teacher on a probationary contract is final and not appealable. TEX. EDUC.CODE ANN. § 21.103(a) (Vernon 1996).

**3.** At the time most of the facts of this case developed, this administrative statute appeared in *Texas Revised Civil Statutes Annotated,* article 6252–13a, § 19(a). This statute since has been incorporated into the *Texas Government Code. See* Act of May 22, 1993, 73rd Leg., R.S., ch. 268, § 1, 1993 Tex.Gen.Laws 583, 749. We use the current cite because the codification has no bearing on the outcome of this case.

contract statute and with the Administrative Procedure Act).

When appeal procedures are outlined in a statute, the statutory provisions are mandatory and exclusive, and failure to comply with statutory procedures will defeat an action for lack of jurisdiction. *Grounds,* 707 S.W.2d at 891; *Mingus v. Wadley,* 115 Tex. 551, 285 S.W. 1084, 1087 (1926); *Butler v. State Bd. of Educ.,* 581 S.W.2d 751, 754 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.).

Appellee contends, and the trial court agreed, that these rules do not apply because there are no fact issues involved in this case. She relies on *Grounds v. Tolar Indep. Sch. Dist.,* 707 S.W.2d 889, 892 (Tex.1986), for the proposition that the doctrine of exhaustion of administrative remedies does not apply when there are only pure questions of law involved.

It is appellee's position that the failure of appellant to give the notice of termination by April 1, 1992, was a breach of the employment contract as a matter of law and, therefore, the rule requiring the exhaustion of administrative remedies does not apply. While there is no dispute that the notice was not given, fact issues still exist as to whether appellee was terminated by the district.

Under appellant's temporary disability policy and Section 13.905(d) of the Texas Education Code, which was effective at all material times involved in this suit, when the appellee desired to return to active duty, she was required to notify the school superintendent at least 30 days before the expected date of return; and the notice was required to include a physician's statement indicating her physical fitness to return to regular duties. While appellee contends that the note included in her request for leave, which stated her plan to come back for the 1992–93 school year, fulfilled the requirement that she notify the superintendent, or that the disability insurance applications which contained her expected date of return to work constituted constructive notice to appellant sufficient to fulfill the requirement of Education Code § 13.905(d), it is clear that neither of these acts meet the notice contemplated by the code. Her note was made at the beginning of her disability, not in consideration of her readiness to return to work. The insurance application forms were not notices of her availability to return to work, nor did the medical information or the forms certify that she was able to perform her duties. The record does not indicate that a physician's statement was ever submitted to appellant certifying her fitness to return to her regular duties.

While there was evidence that the appellant did not intend to renew her contract because of matters that occurred prior to her disability leave, and while appellee's telephone conversation with the assistant superintendent reflects that arrangements had been made to fill the position appellee held before her leave, there remains a fact issue as to whether appellant had actually terminated her contract. In fact, appellant indicated that they felt such action could not be taken while appellee was on disability leave. Therefore, a fact issue existed as to whether appellee was actually terminated or whether she voluntarily abandoned her position after talking to the assistant superintendent. A fact issue also exists as to whether appellee was ever physically able to return to her employment and if so, when such event occurred.

Accordingly, we hold that the exception to the requirement that appellee exhaust her administrative remedies because there were only questions of law and no fact issues involved in this dispute does not apply. It was error for the trial court to assume jurisdiction of this dispute until appellee exhausted her administrative remedies as provided in her employment contract and the Texas Education Code.

Point of error number one is sustained. Because of our ruling on this point, we need not address the remaining points of error.

The judgment of the trial court is reversed and the cause is remanded for further action consistent with this opinion.