# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00169-CV

**Austin Independent School District, Appellant**

**v.**

**Christina Bell Lowery, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT
### NO. GN501387, HONORABLE GISELA D. TRIANA, JUDGE PRESIDING

## O P I N I O N

Christina Lowery sued Austin Independent School District ("AISD") alleging violations of the Texas Commission on Human Rights Act (the "Act"). *See* Tex. Lab. Code Ann. §§ 21.001-.556 (West 2006 & Supp. 2006). Specifically, Lowery claimed that she had been discriminated against by AISD because of her disability. *See id*. § 21.051. AISD filed a plea to the jurisdiction arguing that Lowery failed to exhaust her administrative remedies because she did not "file any grievance or request any hearings with AISD personnel and/or Board of Trustees." The district court denied the plea.

In this interlocutory appeal, AISD contends that the district court erred in denying its plea to the jurisdiction because (1) Lowery failed to exhaust her administrative remedies under AISD's grievance review procedures and the education code, and (2) Lowery failed to fully exhaust her administrative remedies with the Equal Employment Opportunity Commission (the "EEOC") and under the Act. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West Supp. 2006)

(providing that party may appeal from interlocutory order that "grants or denies a plea to the jurisdiction by a governmental unit"). Because we hold that Lowery's failure to comply with AISD's grievance procedures did not deprive the district court of subject matter jurisdiction, we affirm the district court's order denying AISD's plea to the jurisdiction. We further hold that we lack jurisdiction in this interlocutory appeal to consider whether Lowery failed to exhaust her administrative remedies with the EEOC and under the Act.

## BACKGROUND

Lowery was hired as a bus driver for AISD in October 2002. Lowery stated on her application that she suffered from anxiety disorder. Lowery claims that during her employment with AISD she was subjected to constant harassment and discrimination because of her disability. Specifically, Lowery contends that her trainer screamed at her, and when Lowery began to cry and shake, the trainer told her that something "was wrong with her." In addition, Lowery asserts that her supervisors would repeatedly "sniff" her in front of fellow employees.

In February 2003, Lowery was ordered to take a breathalyzer test after it was reported that she smelled as if she had been drinking; the test results were negative. Lowery insists that her supervisor told her co-workers that she had been drinking on the job and that this accusation resulted in a hostile workplace and exacerbated her disability.

In October 2003, Lowery stopped at a restaurant along her route to allow the children on the bus to use the restroom and get a drink. Shortly after resuming her route, Lowery was contacted by her supervisor and ordered to pull over and wait for the police. Lowery was administered a field sobriety test and taken to the police station for questioning. Lowery also took

2

a breathalyzer test and a blood-alcohol test; both tests were negative. When she returned to work, Lowery was told that she had forty-eight hours to resign or she would be fired. Lowery resigned.

On March 26, 2004, Lowery filed a complaint with the Texas Commission on Human Rights (the "Commission") alleging that she had been discriminated against by AISD because of her disability. The Commission transmitted her complaint to the EEOC. In September 2004, the EEOC notified Lowery that it could not initiate an investigation until she filed a perfected charge. The EEOC's notice included an unsigned draft of a perfected charge for Lowery's review. Lowery was instructed to sign the charge and return it to the EEOC within thirty days. She was informed that if she failed to return the signed charge her case would be dismissed. In January 2005, the EEOC dismissed Lowery's discrimination charge because she "failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate" to the extent that the EEOC was unable to resolve her complaint. In addition, the EEOC notified Lowery of her right to file a lawsuit against AISD under federal law. In February 2005, the Commission sent Lowery a notice of her right to file suit in state court.

In April 2005, Lowery sued AISD in district court for violations of the Act. Lowery claimed that she was constructively discharged by AISD as a result of illegal discrimination and retaliation. AISD filed a plea to the jurisdiction arguing that Lowery had failed to exhaust her administrative remedies because she did not file a grievance or request any hearings with AISD personnel. AISD insisted that Lowery's failure to exhaust her administrative remedies pursuant to AISD's personnel policies deprived the district court of subject matter jurisdiction. In response, Lowery maintained that she exhausted all applicable administrative remedies by filing her complaint

3

with the Commission and that AISD's personnel policies were not a jurisdictional prerequisite to her discrimination claim made under the Act. The district court denied AISD's plea to the jurisdiction. This interlocutory appeal followed.

## STANDARD OF REVIEW

A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of subject matter jurisdiction. *Harris County v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004); *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The purpose of the plea "is not to force the plaintiffs to preview their case on the merits but to establish a reason why the merits of the plaintiffs' claims should never be reached." *Bland*, 34 S.W.3d at 554. A trial court must grant a plea to the jurisdiction, after providing an appropriate opportunity to amend, when the pleadings do not state a cause of action over which the trial court has jurisdiction. *Sykes*, 136 S.W.3d at 639. Whether a trial court has subject matter jurisdiction is a question of law. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Texas Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002). Whether a party has alleged facts that affirmatively demonstrate a trial court's subject matter jurisdiction and whether undisputed evidence of jurisdictional facts establishes a trial court's jurisdiction are questions of law reviewed de novo. *Miranda*, 133 S.W.3d at 226. In performing this review, an appellate court does not look to the merits of the case but considers only the pleadings and evidence relevant to the jurisdictional inquiry. *Id*. at 227; *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002).

4

**DISCUSSION**

AISD insists that the district court erred in denying the plea to the jurisdiction because Lowery failed (1) to exhaust her administrative remedies under AISD's grievance review procedures and the education code, and (2) to fully exhaust her administrative remedies with the EEOC and under the Act. We will address each issue in turn.

**Exhaustion of remedies under AISD's grievance policy and the Texas Education Code**

In its first issue, AISD contends that because Lowery's suit affects the administration of school laws, she was required to exhaust her administrative remedies under both AISD's four-step grievance review process and the education code before filing suit under the Act. Consequently, AISD insists that the district court erred in denying its plea to the jurisdiction because Lowery's failure to comply with its grievance procedures deprived the district court of subject matter jurisdiction. Lowery argues that she is only required to exhaust administrative remedies under the Act and that there is no dual-exhaustion requirement simply because she was employed by a school district. We agree with Lowery.

As a rule, a party to an administrative proceeding is not entitled to judicial review until the party has pursued correction through the prescribed administrative process. *Texas Educ. Agency v. Cypress-Fairbanks Indep. Sch. Dist.*, 830 S.W.2d 88, 90 (Tex. 1992). In addition, Texas law requires an aggrieved party to exhaust all remedies provided under the applicable administrative scheme if the party's claim (1) concerns the administration of school laws, and (2) involves questions of fact. *Mission Indep. Sch. Dist. v. Diserens*, 188 S.W.2d 568, 570 (Tex. 1945); *Ysleta Indep. Sch.*

5

*Dist. v. Griego*, 170 S.W.3d 792, 795 (Tex. App.—El Paso 2005, pet. denied). In addition, section 7.057 of the education code provides the Commissioner of Education with the authority to review claims if the party is aggrieved by:

(1) the school laws of the state; or

(2) actions or decisions of any school district board of trustees that violate:

(A) the school laws of this state; or

(B) a provision of a written contract between the school district and a school district employee, if a violation causes or would cause monetary harm to the employee.

Tex. Educ. Code Ann. § 7.057(a) (West 2006). The phrase "school laws of this state" is defined to include all statutes contained in titles 1 and 2 of the education code and all "rules adopted under those titles." *Id*. § 7.057(f)(2).

Because Lowery's discrimination claim does not involve her employment contract, her duty to exhaust all administrative remedies under AISD's grievance procedures and the education code depends upon whether her claim implicated "the school laws" of this state. *See id*. § 7.057(a); *see also Diserens*, 188 S.W.2d at 570; *Griego*, 170 S.W.3d at 795. In her pleadings, Lowery did not suggest that she had been aggrieved by a school law of this state or by any AISD action taken in violation of a school law. Instead, Lowery asserted violations of the Act, claiming that she was constructively discharged by AISD as a result of illegal discrimination. Lowery's claim is specifically addressed by section 21.051 of the Act. Tex. Lab. Code Ann. § 21.051. AISD does not point to, nor can we find, a statute contained in either title 1 or 2 of the education code that addresses

6

discrimination by an employer. In addition, we have not found any statute that permits independent school districts to adopt rules pertaining to workplace discrimination.

In its appellate brief and at oral argument, AISD cited several cases in which Texas courts have recognized the general principles that matters involving the administration of school laws are best handled by the local school authorities, and that courts should not decide these disputes until they have been reviewed first by the proper administrative authority. *See Palmer Publ'g Co. v. Smith*, 109 S.W.2d 158, 160 (Tex. 1937); *Mercedes Indep. Sch. Dist. v. Munoz*, 941 S.W.2d 215, 217 (Tex. App.—Corpus Christi 1996, writ denied); *Daniel v. Dallas Indep. Sch. Dist.*, 351 S.W.2d 356, 358 (Tex. Civ. App.—El Paso 1961, writ ref'd n.r.e.). AISD also points us to several cases in which courts have acknowledged that school employees must exhaust administrative remedies in all claims pertaining to school laws before courts may exercise jurisdiction. *See Diserens*, 188 S.W.2d at 570; *see also Harlandale Indep. Sch. Dist. v. Rodriguez*, 121 S.W.3d 88, 91 (Tex. App.—San Antonio 2003, no pet.); *Jones v. Clarksville Indep. Sch. Dist.*, 46 S.W.3d 467, 471 (Tex. App.—Texarkana 2001, no pet.); *Washington v. Tyler Indep. Sch. Dist.*, 932 S.W.2d 686, 688 (Tex. App.—Tyler 1996, no writ); *Jones v. Dallas Indep. Sch. Dist.*, 872 S.W.2d 294, 296 (Tex. App.—Dallas 1994, writ denied). However, many of these cases predate the 1995 amendments to the education code, which narrowed the range of grievances over which the education commissioner had jurisdiction. Prior to 1995, the commissioner had jurisdiction over appeals not only of persons aggrieved by "the school laws of Texas" or trustee actions, but "any matter of dispute . . . arising under the school laws of Texas." *See* Act of August 21, 1986, 69th Leg., 2d C.S., ch. 4 § 3, sec. 11.13(a), 1986 Tex. Gen. Laws 6, 10, *repealed by* Act of May 27, 1995, 74th Leg., R.S., ch. 260, § 58(a)(1), 1995 Tex. Gen. Laws 2207, 2498 (current version at Tex. Educ. Code Ann. § 7.057(a)).

7

As the Texas Education Agency explained at the time, this change appears to limit "the commissioner's jurisdiction over grievances . . . to a narrower group of subjects that do not involve challenges to local policies regarding matters of local discretion." *Briefing Book on Senate Bill 1 74th Texas Legislature 6* (June 1995) (Texas Education Agency).

In addition, AISD did not demonstrate in its plea to the jurisdiction, appellate brief, or at oral argument how Lowery's discrimination claim pertained to the administration of any school law. AISD contends that Lowery must exhaust all administrative remedies provided under its grievance policy and the education code solely because she was a school employee. The mere fact that Lowery was employed by AISD is, by itself, insufficient to transform her claim into one pertaining to the administration of school laws; in order to pertain to the administration of school laws a claim must actually relate to a specific school law. *See* Tex. Educ. Code Ann. § 7.057(a), (f)(2).

We have not found, and AISD has not cited, any case holding that a school district employee's discrimination claim under the Act pertains to the administration of school laws, such that the employee must exhaust the school district's and the education code's administrative remedies before a trial court may exercise jurisdiction over the discrimination claim. In *Vela v. Waco Independent School District*, our sister court explicitly rejected the dual-exhaustion requirement, holding that it was unnecessary for a school district employee "to pursue two administrative schemes, one under the [Act] and the other under the Education Code, before seeking relief in the courts." 69 S.W.3d 695, 702 (Tex. App.—Waco 2002, pet. withdrawn). The holding in *Vela* was predicated on the court's determinations that (1) unlike the education code, the Act contains specific statutes that address discrimination by an employer; and (2) a school district

8

employee's discrimination claim under the Act does not pertain to the administration of school laws. *Id*. at 701. We are persuaded by the logic in *Vela* and conclude that Lowery's discrimination claim does not concern the administration of school laws.

We agree with the general principle that matters involving the administration of school laws are best handled by local school authorities. The purpose of this policy is to ensure that local authorities are afforded an opportunity to resolve local concerns. *See Munoz*, 941 S.W.2d at 217. No local educational policy is implicated in determining whether a school district discriminated against a school bus driver. The alleged discrimination at issue in this case is governed by the state and federal policies set forth in the Act. Workplace discrimination is not an issue that can be addressed effectively at the local level. The Act and the corresponding federal laws reflect our legislators' recognition of the fact that what constitutes discrimination and the remedies available to protect a party from discrimination should not be left to the varying attitudes of a local community in Texas or in any other state. Because preventing workplace discrimination is not a uniquely local concern, the general policy favoring local resolution does not apply in this case. Just as a local school district law promoting or favoring discrimination would not trump state and federal laws prohibiting such behavior, AISD's local grievance procedures cannot trump the administrative remedies chosen in the Act.

The policy behind the exhaustion-of-administrative-remedies doctrine is to allow the agency to resolve disputed issues of fact and policy and to assure that the appropriate body adjudicates the dispute. *Essenburg v. Dallas County*, 988 S.W.2d 188, 189 (Tex. 1998); *Strayhorn v. Lexington Ins. Co.*, 128 S.W.3d 772, 780 (Tex. App.—Austin 2004, pet. granted). The goal is to encourage parties to resolve their dispute without resorting to litigation when an administrative

9

procedure is provided for that purpose. *See Vela*, 69 S.W.3d at 702. AISD notes that one of the purposes of the Act's administrative review process is to investigate the allegation, informally eliminate any discrimination, and minimize costly litigation. Tex. Lab. Code Ann. §§ 21.203, .204(a), .206, .207(a); *see also Schroeder v. Texas Iron Works, Inc.*, 813 S.W.2d 483, 487 (Tex. 1991); *Vincent v. West Tex. State Univ.*, 895 S.W.2d 469, 473 (Tex. App.—Amarillo 1995, no writ). Moreover, the supreme court has concluded that exhaustion of the Act's administrative review system is a mandatory and jurisdictional prerequisite to filing a civil action alleging violations of the Act. *See Schroeder*, 813 S.W.2d at 488. Because Lowery's claim does not involve the administration of school laws and because the Act's mandatory and jurisdictional administrative review process promotes the informal resolution of disputes involving discrimination, we hold that she was not required to exhaust her administrative remedies under AISD's grievance policy and the education code before the district court could exercise subject matter jurisdiction over her claim.[1] Accordingly, Lowery's failure to comply with AISD's grievance procedures did not deprive the district court of subject matter jurisdiction, and the district court did not err by denying AISD's plea to the jurisdiction on these grounds. We overrule AISD's first issue.

---

[1] At oral argument, AISD explained its position to be that Lowery was required to dually exhaust her administrative remedies under both AISD's grievance procedures and the Act's administrative review process prior to filing suit under the Act. AISD also maintained that Lowery must exhaust her administrative requirements sequentially, beginning with AISD's four-stage grievance review process. Because fully exhausting administrative remedies under AISD's four-stage grievance review process and the education code could take longer than 180 days, the sequential dual-exhaustion requirement suggested by AISD might pose an insurmountable hurdle to complying with the Act's mandatory and jurisdictional filing deadlines. *See* Tex. Lab. Code Ann. § 21.202 (West 2006) (requiring administrative complaint to be filed within 180 days of occurrence); *see also Schroeder v. Texas Iron Works, Inc.*, 813 S.W.2d 483, 486 (Tex. 1991) (noting that filing deadline is mandatory and jurisdictional).

**Exhaustion of remedies with the EEOC and under the Act**

In its second issue, AISD contends that the district court erred in denying the plea to the jurisdiction because Lowery failed to fully exhaust her administrative remedies with the EEOC and under the Act. Specifically, AISD argues that Lowery's failure to file a perfected claim with the EEOC, despite being informed by the EEOC that failure to file a signed charge would result in the dismissal of her claim, constitutes a failure to exhaust administrative remedies. AISD insists that Lowery's actions deprived the EEOC and the Commission of the ability to resolve her complaints through informal means. Finally, AISD asserts that construing the Act's administrative requirements to allow a party to exhaust her administrative remedies under the Act by filing an unperfected complaint and refusing to cooperate with either the EEOC or the Commission would defeat the purposes of the Act's administrative procedures.

AISD did not present this argument to the district court. This is an appeal from an interlocutory order that "grants or denies a plea to the jurisdiction by a governmental unit." Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8). Section 51.014 is a narrow exception to the general rule that only final judgments and orders are appealable, and we strictly construe what may be considered in an interlocutory appeal. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 355 (Tex. 2001). AISD's argument in its plea to the jurisdiction was based solely on its contention that, as a school employee, Lowery was required to exhaust local school district grievance procedures before filing a suit for discrimination. Because Lowery failed to do so, AISD insisted that the district court lacked jurisdiction to consider her claim. Thus, the district court's interlocutory order did not deny AISD's plea to the jurisdiction on the ground that Lowery failed to adequately exhaust her administrative remedies under the Act.

11

Because our jurisdiction in the interlocutory appeal is limited, we confine our review to the ruling on the plea to the jurisdiction that was actually filed and do not address whether the district court erred in denying the plea on a ground that was not argued below. *See City of Dallas v. First Trade Union Sav. Bank*, 133 S.W.3d 680, 686-87 (Tex. App.—Dallas 2003, pet. filed). Although subject matter jurisdiction cannot be waived and may be raised for the first time in an appeal from a final judgment, section 51.014(a)(8) of the civil practice and remedies code does not grant this Court jurisdiction to review claims that were neither included in the plea to the jurisdiction nor considered by the district court. *See Brenham Housing Auth. v. Davies*, 158 S.W.3d 53, 61 (Tex. App.—Houston [14th Dist.] 2005, no pet.). Accordingly, we lack jurisdiction to decide whether Lowery exhausted her administrative remedies under the Act.

**CONCLUSION**

An employee of a school district who brings suit for discrimination under the Texas Commission on Human Rights Act is not aggrieved by the school laws of this state. Therefore, she need only exhaust the administrative remedies imposed by the Act and is not required to exhaust a local school district's grievance procedures or any other administrative remedies found in the education code. We affirm the district court's order denying AISD's plea to the jurisdiction.

---

Bea Ann Smith, Justice

Before Justices B. A. Smith, Pemberton and Waldrop:  Opinion by Justice B. A. Smith; Concurring Opinion by Justice Pemberton

Affirmed

Filed:  November 30, 2006