# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00661-CV

**Plano Miller Club, Inc., a Not-For-Profit Texas Corporation; and Adventure Plus Enterprises, Inc., d/b/a The Gold Club, Appellants**

**v.**

**Alan Steen, Administrator, in his Official Capacity as Administrator of the Texas Alcoholic Beverage Commission; and Greg Abbott, Attorney General of Texas, Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT NO. D-1-GN-08-001497, HONORABLE GUS J. STRAUSS, JR., JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellants, Plano Miller Club, Inc. and Adventure Plus Enterprises, Inc., doing business as The Gold Club, (collectively, "the Clubs") applied to the Texas Alcoholic Beverage Commission (TABC) for permits to operate as a "private club" and to sell alcoholic beverages. *See* Tex. Alco. Bev. Code Ann. § 32.01 (West 2007). TABC denied the application pursuant to Texas Alcoholic Beverage Code section 32.03(k) ("section 32.03(k)"). *See id*. § 32.03(k) (West 2007). Over four years later, the Clubs sought a declaration that section 32.03(k) is unconstitutional. Appellees, Alan Steen, Administrator of the Texas Alcoholic Beverage Commission, and Greg Abbott, Attorney General of Texas, (collectively, "the State") filed a plea to the jurisdiction, arguing that the trial court lacked jurisdiction because the Clubs had not appealed their permit denials in the statutorily mandated fashion. *See id*. § 11.67 (West 2007) ("section 11.67") (party denied permit by

TABC may appeal to district court within 30 days of denial). The trial court granted the State's plea. The Clubs appeal, arguing that they did not have to comply with the statutorily mandated procedure because their suit was a constitutional challenge to a statute rather than an appeal of an administrative decision. We reverse and remand for further proceedings.

### FACTUAL AND PROCEDURAL BACKGROUND

The Clubs are sexually oriented businesses seeking to operate in a dry section of Dallas County. In 2003, they applied for TABC permits to operate as a private club and to sell alcoholic beverages. *See id*. § 32.01. At the time, sexually oriented businesses were allowed to operate as private clubs and to sell alcohol in dry areas. While the Clubs' applications were pending, however, alcoholic beverage code section 32.03(k) took effect. It provides: "A private club registration permit may not be issued to or maintained by a club for a premises located in a dry area if the club operates a sexually oriented business, as defined by Section 243.002, Local Government Code, on the premises." *Id*. § 32.03(k). As a result, TABC denied the Clubs' permit applications.

Rather than appeal that denial to a state district court in accordance with the alcoholic beverage code, *see id*. § 11.67, the Clubs sued in federal court for a declaration that section 32.03(k) violates the United States Constitution. The parties subsequently litigated extensively in federal courts. The details of that litigation are largely irrelevant here. The Clubs eventually dismissed their federal suit and filed this suit, which alleges that section 32.03(k) violates three provisions of the Texas Constitution: Article 1, Section 3; Article 1, Section 8; and Article 3, Section 56.

The State initially responded to the Clubs' state-court petition by filing an answer that

2

included several affirmative defenses. The State subsequently filed a plea to the jurisdiction that alleged the Clubs lacked standing to sue in state court because they had never actually applied for a private-club permit. After the Clubs proved that they had, the State amended its plea to allege that the Clubs lacked standing because they had not appealed the denial of their permit applications in accordance with section 11.67.[1]

In response, the Clubs argued that section 11.67 did not apply because they were not appealing the denial of their permit applications; rather, they were challenging the constitutionality of the statute on which TABC had based that denial (namely, section 32.03(k)).

The trial court granted the State's plea. The Clubs appeal.

---

[1] Texas Alcoholic Beverage Code section 11.67 reads in pertinent part:

Sec. 11.67. Appeal from Cancellation, Suspension, or Refusal of License or Permit.

(a) An appeal from an order of the commission or administrator refusing, cancelling, or suspending a permit or license may be taken to the district court of the county in which the applicant, licensee, or permittee resides or in which the owner of involved real or personal property resides.

(b) The appeal shall be under the substantial evidence rule and against the commission alone as defendant. The rules applicable to ordinary civil suits apply, with the following exceptions, which shall be construed literally:

(1) the appeal shall be perfected and filed within 30 days after the date the order, decision, or ruling of the commission or administrator becomes final and appealable.

Tex. Alco. Bev. Code Ann. § 11.67 (West 2007).

**STANDARD OF REVIEW**

A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of subject matter jurisdiction. *Harris County v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004); *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Whether a trial court has subject matter jurisdiction is a question of law that we review de novo. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

An appeal from an order granting a plea to the jurisdiction is interlocutory. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West 2008). The statute authorizing interlocutory appeals "is a narrow exception to the general rule that only final judgments and orders are appealable"; therefore, "we strictly construe what may be considered in an interlocutory appeal." *Austin Indep. Sch. Dist. v. Lowery*, 212 S.W.3d 827, 834 (Tex. App.—Austin 2006, pet. denied) (citing *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 355 (Tex. 2001)). In other words, in reviewing a ruling on a plea to the jurisdiction, we consider only the plea that was actually filed and do not address whether the district court erred in denying the plea on a ground that was not argued below. *Id*.[2]

**DISCUSSION**

As noted above, the State's plea to the jurisdiction contained only one ground—namely, that the Clubs did not follow the procedure outlined in alcoholic beverage code

---

[2] The apparent exception to this rule, which we discuss in footnote 2 of our opinion in *Texas State Bd. of Pub. Accountancy v. Bass*, No. 03-09-00251-CV (released Jan. 14, 2011), does not apply here.

section 11.67. On appeal, the State advances several additional grounds. We are limited, however, to considering the ground the State advanced in the trial court. *See id.* ("Although subject matter jurisdiction cannot be waived and may be raised for the first time in an appeal from a final judgment, section 51.014(a)(8) of the civil practice and remedies code does not grant this Court jurisdiction to review claims that were neither included in the plea to the jurisdiction nor considered by the district court.").

The parties debate the applicability of section 11.67, but that statute does not apply here because this suit is not an appeal of an administrative decision; it is a suit to have section 32.03(k) declared unconstitutional. "Generally, the doctrine of exhaustion of administrative remedies does not apply when there are purely questions of law involved." *Grounds v. Tolar Ind. School Dist.*, 707 S.W.2d 889, 892 (Tex. 1986); *see also Mitz v. Texas State Bd. of Veterinary Med. Exam'rs*, 278 S.W.3d 17, 23-24 (Tex. App.—Austin 2008, pet. dism'd); *Juliff Gardens, L.L.C., v. Texas Comm'n on Environmental Quality*, 131 S.W.3d 271, 277-80 (Tex. App.—Austin 2004, no pet.). "[W]hen a party [alleges that its] rights have been violated by a state agent's action pursuant to an unconstitutional law, that party may sue to remedy the violation or prevent its recurrence." *Rylander v. Caldwell*, 23 S.W.3d 132, 136 (Tex. App.—Austin 2000, no pet.); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 37.004(a) (West 2008) (constitutional challenges are proper subject for declaratory-judgment suits). In other words, having alleged the requisite harm, the Clubs did not have to exhaust their administrative remedies pursuant to section 11.67 before seeking a declaration that section 32.03(k) is unconstitutional.[3] *See Mitz*, 278 S.W.3d at 23-24; *Juliff Gardens*,

---

[3] The State conceded this point at oral argument.

5

131 S.W.3d at 276. Failure to exhaust administrative remedies was therefore not a proper ground for granting the State's plea to the jurisdiction. As it was the only ground presented, the trial court erred by granting the plea. We reverse and remand for further proceedings consistent with this opinion.

_____

David Puryear, Justice

Before Justices Patterson, Puryear, and Pemberton;
   Justice Patterson Not Participating

Reversed and Remanded

Filed:   January 14, 2011