TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-08-00661-CV





Plano Miller Club, Inc., a Not-For-Profit Texas Corporation; and Adventure Plus
Enterprises, Inc., d/b/a The Gold Club, Appellants


v.


Alan Steen, Administrator, in his Official Capacity as Administrator of the Texas Alcoholic
Beverage Commission; and Greg Abbott, Attorney General of Texas, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT

NO. D-1-GN-08-001497, HONORABLE GUS J. STRAUSS, JR., JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 Appellants, Plano Miller Club, Inc. and Adventure Plus Enterprises, Inc., doing
business as The Gold Club, (collectively, "the Clubs") applied to the Texas Alcoholic Beverage
Commission (TABC) for permits to operate as a "private club" and to sell alcoholic beverages. See
Tex. Alco. Bev. Code Ann. § 32.01 (West 2007). TABC denied the application pursuant to Texas
Alcoholic Beverage Code section 32.03(k) ("section 32.03(k)"). See id. § 32.03(k) (West 2007). 
Over four years later, the Clubs sought a declaration that section 32.03(k) is unconstitutional. 
Appellees, Alan Steen, Administrator of the Texas Alcoholic Beverage Commission, and Greg
Abbott, Attorney General of Texas, (collectively, "the State") filed a plea to the jurisdiction, arguing
that the trial court lacked jurisdiction because the Clubs had not appealed their permit denials in the
statutorily mandated fashion. See id. § 11.67 (West 2007) ("section 11.67") (party denied permit by
TABC may appeal to district court within 30 days of denial). The trial court granted the State's plea. 
The Clubs appeal, arguing that they did not have to comply with the statutorily mandated procedure
because their suit was a constitutional challenge to a statute rather than an appeal of an
administrative decision. We reverse and remand for further proceedings.


FACTUAL AND PROCEDURAL BACKGROUND

 The Clubs are sexually oriented businesses seeking to operate in a dry section of
Dallas County. In 2003, they applied for TABC permits to operate as a private club and to sell
alcoholic beverages. See id. § 32.01. At the time, sexually oriented businesses were allowed to
operate as private clubs and to sell alcohol in dry areas. While the Clubs' applications were pending,
however, alcoholic beverage code section 32.03(k) took effect. It provides: "A private club
registration permit may not be issued to or maintained by a club for a premises located in a dry area
if the club operates a sexually oriented business, as defined by Section 243.002, Local Government
Code, on the premises." Id. § 32.03(k). As a result, TABC denied the Clubs' permit applications.

 Rather than appeal that denial to a state district court in accordance with the alcoholic
beverage code, see id. § 11.67, the Clubs sued in federal court for a declaration that section 32.03(k)
violates the United States Constitution. The parties subsequently litigated extensively in federal
courts. The details of that litigation are largely irrelevant here. The Clubs eventually dismissed their
federal suit and filed this suit, which alleges that section 32.03(k) violates three provisions of the
Texas Constitution: Article 1, Section 3; Article 1, Section 8; and Article 3, Section 56.

 The State initially responded to the Clubs' state-court petition by filing an answer that
included several affirmative defenses. The State subsequently filed a plea to the jurisdiction that
alleged the Clubs lacked standing to sue in state court because they had never actually applied for
a private-club permit. After the Clubs proved that they had, the State amended its plea to allege that
the Clubs lacked standing because they had not appealed the denial of their permit applications in
accordance with section 11.67. (1) 

 In response, the Clubs argued that section 11.67 did not apply because they were not
appealing the denial of their permit applications; rather, they were challenging the constitutionality
of the statute on which TABC had based that denial (namely, section 32.03(k)).

 The trial court granted the State's plea. The Clubs appeal.




STANDARD OF REVIEW

 A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of
subject matter jurisdiction. Harris County v. Sykes, 136 S.W.3d 635, 638 (Tex. 2004); Bland
Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000). Whether a trial court has subject
matter jurisdiction is a question of law that we review de novo. Texas Dep't of Parks
& Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004). 

 An appeal from an order granting a plea to the jurisdiction is interlocutory. See Tex.
Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West 2008). The statute authorizing interlocutory
appeals "is a narrow exception to the general rule that only final judgments and orders are
appealable"; therefore, "we strictly construe what may be considered in an interlocutory appeal." 
Austin Indep. Sch. Dist. v. Lowery, 212 S.W.3d 827, 834 (Tex. App.--Austin 2006, pet. denied)
(citing Bally Total Fitness Corp. v. Jackson, 53 S.W.3d 352, 355 (Tex. 2001)). In other words, in
reviewing a ruling on a plea to the jurisdiction, we consider only the plea that was actually filed and
do not address whether the district court erred in denying the plea on a ground that was not argued
below. Id. (2) 


DISCUSSION

 As noted above, the State's plea to the jurisdiction contained only one
ground--namely, that the Clubs did not follow the procedure outlined in alcoholic beverage code
section 11.67. On appeal, the State advances several additional grounds. We are limited, however,
to considering the ground the State advanced in the trial court. See id. ("Although subject matter
jurisdiction cannot be waived and may be raised for the first time in an appeal from a final judgment,
section 51.014(a)(8) of the civil practice and remedies code does not grant this Court jurisdiction to
review claims that were neither included in the plea to the jurisdiction nor considered by the
district court."). 

 The parties debate the applicability of section 11.67, but that statute does not apply
here because this suit is not an appeal of an administrative decision; it is a suit to have
section 32.03(k) declared unconstitutional. "Generally, the doctrine of exhaustion of administrative
remedies does not apply when there are purely questions of law involved." Grounds v. Tolar Ind.
School Dist., 707 S.W.2d 889, 892 (Tex. 1986); see also Mitz v. Texas State Bd. of Veterinary Med.
Exam'rs, 278 S.W.3d 17, 23-24 (Tex. App.--Austin 2008, pet. dism'd); Juliff Gardens, L.L.C.,
v. Texas Comm'n on Environmental Quality, 131 S.W.3d 271, 277-80 (Tex. App.--Austin 2004, 
no pet.). "[W]hen a party [alleges that its] rights have been violated by a state agent's action
pursuant to an unconstitutional law, that party may sue to remedy the violation or prevent its
recurrence." Rylander v. Caldwell, 23 S.W.3d 132, 136 (Tex. App.--Austin 2000, no pet.); see also
Tex. Civ. Prac. & Rem. Code Ann. § 37.004(a) (West 2008) (constitutional challenges are proper
subject for declaratory-judgment suits). In other words, having alleged the requisite harm, the Clubs
did not have to exhaust their administrative remedies pursuant to section 11.67 before seeking a
declaration that section 32.03(k) is unconstitutional. (3) See Mitz, 278 S.W.3d at 23-24; Juliff Gardens,
131 S.W.3d at 276. Failure to exhaust administrative remedies was therefore not a proper ground
for granting the State's plea to the jurisdiction. As it was the only ground presented, the trial
court erred by granting the plea. We reverse and remand for further proceedings consistent with
this opinion.



 __________________________________________

 David Puryear, Justice

Before Justices Patterson, Puryear, and Pemberton;

 Justice Patterson Not Participating

Reversed and Remanded

Filed: January 14, 2011



 
1. Texas Alcoholic Beverage Code section 11.67 reads in pertinent part:


Sec. 11.67. Appeal from Cancellation, Suspension, or Refusal of License or Permit. 


(a) An appeal from an order of the commission or administrator refusing, cancelling,
or suspending a permit or license may be taken to the district court of the county in
which the applicant, licensee, or permittee resides or in which the owner of involved
real or personal property resides.


(b) The appeal shall be under the substantial evidence rule and against the
commission alone as defendant. The rules applicable to ordinary civil suits apply,
with the following exceptions, which shall be construed literally:


(1) the appeal shall be perfected and filed within 30 days after the date the
order, decision, or ruling of the commission or administrator becomes final
and appealable.


Tex. Alco. Bev. Code Ann. § 11.67 (West 2007).
2. The apparent exception to this rule, which we discuss in footnote 2 of our opinion in Texas
State Bd. of Pub. Accountancy v. Bass, No. 03-09-00251-CV (released Jan. 14, 2011), does not apply
here.
3. The State conceded this point at oral argument.