# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00681-CV

**Timothy Maiden, Appellant**

**v.**

**The Texas Education Agency and
Cypress-Fairbanks Independent School District, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT
### NO. GN304169, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Timothy Maiden sued the Texas Commissioner of Education ("Commissioner") and Cypress-Fairbanks Independent School District ("District") for judicial review of the Commissioner's order dismissing his grievance against the District for lack of jurisdiction. The trial court affirmed the Commissioner's order of dismissal. Maiden asserts (1) the Commissioner had jurisdiction over the allegations that the District violated state school laws, and (2) the Commissioner had jurisdiction to enforce provisions of the federal Family Educational and Privacy Rights Act and the Coverdell Teacher Protection Act of 2001.[1] We will affirm the trial court's judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

Maiden's five-year old son, T.M., was a kindergarten student at the District's Wilson Elementary School during the 2001-2002 school year. In August 2001 during the first week of

---

[1] Because Maiden is a pro se litigant and his contentions are somewhat difficult to determine, we have restated the substance of his arguments into two issues for analysis.

school, T.M. twice missed the school bus. Later that same month, T.M. was required to sign a disciplinary form regarding his behavior on the bus, even though he could not read and his parents were not present. After Maiden complained, campus officials, including the school's principal, met with him and attempted to resolve his concerns. However, he sent a grievance letter to the District's central administration expressing discontent with the school's responses to the incidents.

The District's central administration investigated both incidents, held hearings, and provided Maiden with its results and recommendations. Still dissatisfied, Maiden appealed to the District's board of trustees ("Board"), contending the central administration's findings were incorrect and T.M. should not have been required to sign a form he could not read. The Board denied Maiden's grievance.

In a letter to the Commissioner filed in April 2002, Maiden requested the Commissioner's review of the "horrific ordeal" he had experienced "while communicating with some of the [District] Officials." He alleged that the evidence he was submitting, including a student's disciplinary form, a transcript of the administration's grievance hearing, and an audio tape of his meeting with the Board, showed that "many of the correspondences and conferences (including the final Board Meeting with the [District's] Board of Trustees and the [superintendent of schools] was window dressing by the [District] Officials." Maiden contended that the school superintendent "purposely" did not attempt to answer many of his questions because the superintendent knew that "truthful answers" would "further incriminate the District." Maiden then set out a detailed description of the events that gave rise to his letter appeal.

The District filed a plea to the jurisdiction alleging that none of the allegations set forth in Maiden's letter asserted a claim within the Commissioner's jurisdiction. An administrative

2

law judge (ALJ) was assigned to the matter, and she agreed with the District. The ALJ gave Maiden an opportunity to "amend" his petition, and he submitted a document entitled "Petitioner's Plea to Jurisdiction and Relief" as his amended petition.

After considering Maiden's amended petition and the ALJ's proposal for decision, the Commissioner determined that none of Maiden's allegations provided a basis for the Commissioner to exercise jurisdiction over the case. The Commissioner concluded the amended petition failed to allege a violation of the state's school laws and he did not have jurisdiction over allegations of violations of the federal Family Educational and Privacy Rights Act and the Paul D. Coverdell Teacher Protection Act of 2001. Believing he lacked jurisdiction, the Commissioner ordered Maiden's appeal be dismissed. The trial court affirmed the Commissioner's dismissal order.

**DISCUSSION**

*Standard of Review*

In general, when reviewing a judgment of the trial court regarding a factual determination by the Commissioner, we conduct a substantial-evidence review.[2] *Tijerina v. Alanis*, 80 S.W.3d 292, 294-95 (Tex. App.—Austin 2002, pet. denied). But in this case, the Commissioner determined he had no jurisdiction based solely on his application of the statutes defining his jurisdiction to the allegations set forth in Maiden's amended petition. Although substantial-evidence

---

[2] We must determine whether the evidence as a whole is such that reasonable minds could have reached the same conclusion as the agency in the disputed action. *Tijerina v. Alanis*, 80 S.W.3d 292, 295 (Tex. App.—Austin 2002, pet. denied). We may not substitute our judgment for that of the agency and may only consider the record on which the agency based its decision. *Id.* The findings, inferences, conclusions, and decisions of an administrative agency are presumed to be supported by substantial evidence, and the burden is on the contestant to prove otherwise. *Id.*

review may be appropriate when examining the Commissioner's decisions based on evidence relevant to jurisdiction, this Court must look elsewhere for guidance in reviewing the Commissioner's conclusion that he had no jurisdiction. *Id.* at 295.

When reviewing a trial-court order dismissing a cause for lack of jurisdiction, we construe the pleadings in favor of the plaintiff and look to the pleader's intent. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). We have applied the same analysis when reviewing the Commissioner's orders to determine whether pleading allegations state a basis for the Commissioner to exercise jurisdiction. *Tijerina*, 80 S.W.3d at 295. Accordingly, we will construe Maiden's pleadings in his favor and will look to his intent to determine whether his pleadings state a basis for the Commissioner to exercise jurisdiction. However, we will defer to the Commissioner's interpretation of the statute and its application to the facts if the interpretation is reasonable and does not contradict the plain language of the statute. *See Dodd v. Meno*, 870 S.W.2d 4, 7 (Tex. 1994); *Tijerina*, 80 S.W.3d at 295; *see also Railroad Comm'n of Texas v. Texas Citizens for a Safe Future  & Clean Water*, 54 Tex. Sup. Ct. J. 642, 2011 WL 836827 (March 11, 2011) (No.08-0497) (agency's interpretation of statute that agency is charged with enforcing is entitled to "serious consideration" as long as construction is reasonable and does not conflict with statute's language).

### Alleged Education Code Violations

Maiden asserted the District violated state school laws that fall under the Commissioner's jurisdiction. The Commissioner's jurisdiction to review school-board action is limited to the following situations:

(a)      . . . a person may appeal in writing to the commissioner if the person is aggrieved by:

*     *     *

      (2)      actions or decisions of any school district board of trustees that violate:

            (A)     the school laws of this state; or

            (B)     a provision of a written employment contract between the school district and a school district employee . . . .

Act of May 30, 1995, 74th Leg., R.S., ch. 260, § 1, 1995 Tex. Gen. Laws 2207, 2215 (current version at Tex. Educ. Code Ann. § 7.057(a) (West Supp. 2010)).

The District has a three-tiered parent complaint system. Level I complaints are filed with and heard by the school campus. A parent can appeal the campus decision to the second level, the District's central administration. The Level II decision of the central administration can be appealed to the third and final level, the Board.

Maiden argued that, because his parental rights were not "properly adhered to, exercised, or considered," the District violated sections 26.001 and 26.011 of the education code. *See* Tex. Educ. Code Ann. §§ 26.001, .011 (West 2006). He argued the District violated section 26.001, which sets forth the "Purpose" of chapter 26 entitled "Parental Rights and Responsibilities." Section 26.001 reads as follows:

      (a)     Parents are partners with educators, administrators, and school district boards of trustees in their children's education. Parents shall be encouraged to actively participate in creating and implementing educational programs for their children.

5

(b)     The rights listed in this chapter are not exclusive.  This chapter does not limit a parent's rights under other law.

(c)     Unless otherwise provided by law, a board of trustees, administrator, educator, or other person may not limit parental rights.

(d)     Each board of trustees shall provide for procedures to consider complaints that a parent's right has been denied.

(e)     Each board of trustees shall cooperate in the establishment of ongoing operations of at least one parent-teacher organization at each school in the district to promote parental involvement in school activities.

*Id.* § 26.00.  The  parental rights listed in chapter 26 include rights concerning academic programs,[3] access to student records,[4] access to state assessments,[5] access to teaching methods,[6] access to board meetings,[7] a right to full information concerning student activities,[8] and a right to information concerning special education and education of students with learning difficulties.[9]

Maiden alleged the District violated section 26.001(c) and (d) by upholding the District's Level II investigation of the incidents involving his son that was "faulty, inaccurate, misleading, and misrepresenting." *See id.* § 26.001.  He contended he pointed out the associate-superintendent's "false statement" to the Board and the superintendent, but the Board and the

---

[3] Tex. Educ. Code Ann. § 26.003 (West 2006).

[4] *Id.* § 26.004 (West 2006).

[5] *Id.* § 26.005 (West 2006).

[6] *Id.* § 26.006 (West 2006).

[7] *Id.* § 26.007 (West 2006).

[8] *Id.* § 26.008 (West 2006).

[9] *Id.* § 26.0081 (West 2006).

6

superintendent "remained motionless" and unresponsive. Also, he stated he told the Board that he continues to receive false information from the District, but the Board "failed to properly address this matter of a critical fact."

Maiden also asserted he was receiving from the District "consistent inconsistencies in information" and that T.M. had been "targeted and misrepresented" because Maiden filed a complaint against District officials. He alleged the superintendent of schools failed to properly address those issues, thus allowing the principal "to create an unstable learning environment for T.M. and other children attending Wilson Elementary School." Maiden argued the District's targeting and creating an unsafe learning environment violated section 26.001. *Id.*

Maiden further alleged the District failed to accurately follow its local grievance policy by recording the Level II conference and his personal interview with the District's central administrators and then editing the recordings and transcripts of those meetings. He contended those actions violated section 26.011, which requires a school district to adopt a grievance process that allows parents to present their complaints to the school board. *See id.* § 26.011. Section 26.011 reads as follows:

> The board of trustees of each school district shall adopt a grievance process under which the board shall address each complaint that the board receives concerning violation of a right guaranteed by this chapter.

*Id.*

We conclude that, even if true, the facts as alleged by Maiden are not violations of sections 26.001 and 26.011. *See id.* §§ 26.001,.011. His allegations fail to demonstrate a violation of his rights concerning his son's academic programs, his access to his son's records, his access to state assessments, his access to teaching methods, his access to board meeting, and his access to full

information regarding his son's activities, which are the parental rights addressed in chapter 26. Moreover, Maiden's allegations fail to demonstrate that, as required by section 26.011, the District neglected to adopt a grievance process addressing each complaint that it receives concerning violations of a right guaranteed by the education code. Rather, at most, his facts show that the District allegedly conducted an inaccurate and misleading investigation of the events surrounding his son's missing the school bus on two occasions and that the District failed to accurately follow its adopted local grievance policy.

Maiden also claimed that the District's conduct violated section 4.001(b)(5) and (7) of the education code and that the Commissioner had jurisdiction over targeting and the creation of an unsafe learning environment. At the time of Maiden's appeal, Objectives 5 and 7 under section 4.001(b), entitled "Public Education Mission and Objectives," read as follows:

> Objective 5: Qualified and highly effective personnel will be provided to all students.
>
> Objective 7: School campuses will maintain a safe and disciplined environment conducive to student learning.

Act of May 30, 1995, 74th Leg., R.S., ch. 260, § 4.001(b), 1995 Tex. Gen. Laws 2207, 2208 (amended 2003) (current version at Tex. Educ. Code Ann. § 4.001(b) (West 2006)). We agree with the Commissioner's determination that, because section 4.001 provides only the mission statement and objectives of public education, it does not set forth a cognizable cause of action that the Commissioner can enforce. *See id.*

In 2001-2002, Section 37.001(b) entitled "Student Code of Conduct" read, in pertinent part, as follows:

A teacher with knowledge that a student has violated the student code of conduct shall file with the school principal or other appropriate administrator a written report . . . documenting the violation. The principal or the other appropriate administrator shall, not later than 24 hours after receipt of a report from a teacher, send a copy of the report to the student's parents or guardians.

Act of June 19, 1997, 75th Leg., R.S., ch. 1015, § 2, 1997 Tex. Gen. Laws 3701, 3702 (amended 2003) (current version at Tex. Educ. Code Ann. § 37.001 (West Supp. 2010)). Maiden asserted the District's conduct in failing to notify him within 24 hours of an alleged third school bus disciplinary-incident report violated both "the letter and spirit" of the 24-hour guideline of local school district policy, as well as section 37.001(b) of the education code. *See id.*

The Commissioner determined that Maiden's complaints pertained to violations of local school policy, that is, the District's student handbook or code of conduct. We agree. This Court has held that the Commissioner's jurisdiction over grievances does not involve challenges to local policies regarding matters of local discretion. *Austin Indep. Sch. Dist. v. Lowery*, 212 S.W.3d 827, 832 (Tex. App.—Austin 2006, pet. denied). Moreover, the Commissioner has no jurisdiction over student disciplinary actions under chapter 37 of the education code. *See* Tex. Educ. Code Ann. § 7.057(e)(2) (West Supp. 2010).

Concluding that Maiden's amended petition failed to state a cognizable cause of action, that is, it failed to set forth allegations that demonstrated the District violated state school laws that fall within the Commissioner's jurisdiction as required by current section 7.057(a), we overrule Maiden's first issue.

9

*Alleged Federal Law Violations*

Maiden also alleged that certain of the District's actions violated the Paul D. Coverdell Teacher Protection Act of 2001. 20 U.S.C. §§ 6731 *et seq.* (2001). He further contended the District's conduct violated the Family Educational and Privacy Rights Act. *See* 20 U.S.C. § 1232g(a)(2) (2010). Titles I and II comprise the "school laws of the state" under the education code. *See* Tex. Educ. Code Ann. § 7.057(f)(2) (West Supp. 2010). Because claims arising under federal statutes are not within Titles I and II of the education code, the Commissioner lacked authority to entertain them. *See id.; Friona Indep. Sch. Dist. v. King*, 15 S.W.3d 653, 658-59 (Tex. App.—Amarillo 2000, no pet.). Maiden's second issue is overruled.

**CONCLUSION**

Having concluded the Commissioner properly determined that Maiden failed to allege any violations of state school laws that fall within the Commissioner's jurisdiction, we affirm the trial court's order dismissing Maiden's grievance against the District.

_____

David Puryear, Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Affirmed

Filed: May 6, 2011

10