

# NUMBER 13-17-00628-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

BROWNSVILLE INDEPENDENT
SCHOOL DISTRICT,                                                    Appellant,

v.

ARTHUR RENDON,                                                      Appellee.

## On appeal from the 444th District Court
## of Cameron County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Longoria, and Hinojosa**
**Memorandum Opinion by Justice Rodriguez**

Appellant Brownsville Independent School District (Brownsville) appeals the denial of its plea to the jurisdiction. By one issue, Brownsville asserts that appellee Arthur Rendon failed to exhaust his administrative remedies. We reverse and remand.

## I.   BACKGROUND

According to Rendon's petition, Brownsville has a lengthy history of mishandling his pay and position as a school administrator for Brownsville.   The most recent allegation of mismanagement—and the subject of this suit—is Brownsville's deduction of certain fees from Rendon's paycheck.

The source of the fees is chapter 825 of the Texas Government Code, which deals with situations in which a school board reemploys a retiree who is drawing benefits from the Teacher Retirement System of Texas (TRS).   TEX. GOV'T CODE ANN. § 825.4092(b) (West, Westlaw through 2017 1st C.S.).   When a school district rehires a TRS retiree, chapter 825 requires the school district to make contributions to TRS based on the retiree's salary.   *Id.*

Rendon alleges that he was forced to retire from Brownsville, but was subsequently rehired.   He further alleges that Brownsville made the required contributions to TRS through the end of the 2015–2016 school year pursuant to chapter 825 and a school district policy that mirrored chapter 825.   However, Brownsville subsequently sent him a letter notifying him of a change in policy:   Brownsville's board of trustees voted to begin passing on the TRS fees to him and other rehired retirees.   The letter directed Rendon to sign a consent form for the deductions, but Rendon refused.

Rendon claims that he protested Brownsville's actions, but Brownsville continued to deduct the TRS fees from his paycheck without his consent—deducting roughly $1,800 from his September 2016 paycheck alone.   Rendon disputes whether the Brownsville school board validly adopted a new policy, alleging irregularities in the adoption process,

including a lack of a formal vote and a discrepancy in the date of the supposed amendment. Finally, assuming that the school board validly adopted a new policy on TRS fees, Rendon asserts that the policy violates Brownsville's legal obligations.

Rendon's suit against Brownsville alleges retaliation and breach of contract, for which he seeks damages and attorney's fees. Rendon also prays for declaratory relief to determine his rights under his employment contract as well as "the legality of Defendant's actions with regards to deducting his payment without written consent."

Brownsville filed a plea to the jurisdiction asserting that Rendon failed to exhaust his administrative remedies for his retaliation and breach of contract claims. According to Brownsville, Rendon filed the required grievances, but he did not fulfill the next step of exhaustion by appealing to the Commissioner of Education. Brownsville did not challenge Rendon's claim for declaratory relief.

Rendon amended his petition and nonsuited his retaliation claim. However, he claims that exhaustion was not required for his contract claim because it fell within exceptions to the exhaustion requirement.

After a hearing, the trial court denied Brownsville's plea to the jurisdiction. This interlocutory appeal followed.

## II. EXHAUSTION OF ADMINISTRATIVE REMEDIES

By its sole issue, Brownsville asserts that Rendon's failure to exhaust administrative remedies before filing suit deprived the trial court of subject matter jurisdiction to hear Rendon's breach of contract claim. Brownsville also challenges, for

the first time in its reply brief to this Court, whether Rendon exhausted his remedies concerning his declaratory action.

## A.    Standard of Review and Applicable Law

Whether a court has subject matter jurisdiction is generally a question of law. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Whether a pleader has alleged facts that affirmatively demonstrate a trial court's subject matter jurisdiction is a question of law reviewed de novo. *Id.* In our review, we construe the pleadings liberally in favor of the plaintiffs and look to the pleaders' intent. *Id.* Dismissal is appropriate if the pleadings or record conclusively negate the existence of jurisdiction. *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 96 (Tex. 2012). Dismissal is also appropriate if the defendant establishes either that the plaintiff failed to show jurisdiction despite having had full and fair opportunity to develop the record and amend the pleadings, or that the plaintiff would be unable to establish jurisdiction even if given the opportunity on remand. *Id.*

A person may appeal in writing to the Commissioner of Education if the person is aggrieved by:

> (1)    the school laws of this state; or
>
> (2)    actions or decisions of any school district board of trustees that violate:
>
>> (A)    the school laws of this state; or
>>
>> (B)    a provision of a written employment contract between the school district and a school district employee, if a violation causes or would cause monetary harm to the employee.

4

TEX. EDUC. CODE ANN. § 7.057(a) (West, Westlaw through 2017 1st C.S.). The "school laws of this state" consist of titles 1 and 2 of the Texas Education Code and the administrative rules adopted under them. *Id.* § 7.057(f)(2). Courts have interpreted this statute as creating an exclusive set of administrative remedies, which must be exhausted for any "complaint that the Legislature has authorized the Commissioner to resolve." *Clint Indep. Sch. Dist. v. Marquez*, 487 S.W.3d 538, 545–46 (Tex. 2016).

Typically, if an agency has exclusive jurisdiction, a party must exhaust all administrative remedies before seeking judicial review. *Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 221 (Tex. 2002) (op. on reh'g). Until then, the trial court lacks subject matter jurisdiction and must dismiss the claims within the agency's exclusive jurisdiction. *Id.* This rule honors the Legislature's intent that the appropriate body adjudicate the dispute first, and thereby ensures an orderly resolution that is guided by the agency's expertise and discretion, free from the expense and delay of litigation. *Clint*, 487 S.W.3d at 544. Also important, it affords the opportunity "to develop a complete factual record if the courts later get involved." *Id.*

There are multiple exceptions to the rule of exhaustion. For one, exhaustion of administrative remedies is generally not required where the cause of action involves pure questions of law and the facts are undisputed. *Id.* at 557; *Garcia-Marroquin v. Nueces Cty. Bail Bond Bd.*, 1 S.W.3d 366, 375 (Tex. App.—Corpus Christi 1999, no pet.). For another, exhaustion is not required where an administrative body acts outside of its authority. *Indus. Commc'ns, Inc. v. Ward Cty. Appraisal Dist.*, 296 S.W.3d 707, 715 (Tex. App.—El Paso 2009, pet. denied); *Dotson v. Grand Prairie Indep. Sch. Dist.*, 161

S.W.3d 289, 291–92 (Tex. App.—Dallas 2005, no pet.); *MAG-T, L.P. v. Travis Cent. Appraisal Dist.*, 161 S.W.3d 617, 625 (Tex. App.—Austin 2005, pet. denied); *see Garcia-Marroquin*, 1 S.W.3d at 375. In those circumstances, the aggrieved party may proceed directly to the courts without administrative appeal. *MAG-T*, 161 S.W.3d at 625.

**B. Application**

Brownsville argues that Rendon's breach of contract claim falls within the Commissioner's exclusive jurisdiction. We agree. Rendon complained that the Brownsville school board violated his employment contract—a matter reserved for the Commissioner's resolution on administrative appeal. *See* TEX. EDUC. CODE ANN. § 7.057(a)(2)(B). Rendon has not affirmatively alleged that he exhausted his administrative remedies before the Commissioner. *See Miranda*, 133 S.W.3d at 226.

Rendon raises two potential exceptions to the exhaustion requirement. First, he argues that his complaint only involves undisputed facts and pure questions of law. *See Clint*, 487 S.W.3d at 557. We disagree. In *Clint*, our supreme court offered guidance as to the sorts of disputes that fall within this exception. *Id.* There, parents of Clint ISD students protested the way school finances were distributed, and Clint ISD responded that the parents failed to exhaust their administrative remedies. *See id.* at 543. The parents asserted that their claim only involved a pure question of constitutional law, but the *Clint* court disagreed:

> But the parents' claims here do not present pure questions of law; they present questions of historical fact (such as what has happened up until now in the district and its individual schools with respect to funding and student performance), questions of law (such as what the students' constitutional rights are with respect to public education funding), and mixed

6

questions of law and fact (such as whether the students' constitutional rights have been violated by the district's distribution of educational funding).

*Id.* at 557–58.

Under the controlling guidance of *Clint*, Rendon's contract claim does not rest solely on a pure question of law. *See id.* Instead, Rendon's claim rests on an involved set of historical facts: a six-year history of attempted job reassignments, reductions of Rendon's salary, and policy changes by the Brownsville school board and other personnel in the school district. Rendon alleges that some of Brownsville's attempted changes were successful, some were not, and still others were apparently put into effect on a deferred basis the following school year. Rendon's contract claim concerns the latest of these attempted changes, and he disputes the facts surrounding the board's purported amendment to the policy, including the date and the validity of the voting process that supposedly led to it.

Brownsville has not stipulated to any of these facts, but has instead filed a general denial and a plea to the jurisdiction alleging a different account of the operative facts. *Cf. Mission Indep. Sch. Dist. v. Diserens*, 188 S.W.2d 568, 570 (Tex. 1945) (concluding that a breach of contract claim qualified for this exception, where the claim was predicated on an unambiguous contract and both parties stipulated to all facts involved). These aspects of the case would certainly benefit from development of "a complete factual record," conducted by an agency with expertise in "school laws" and breaches of "employment contract[s]" with school district employees. *See Clint*, 487 S.W.3d at 544.

We conclude that Rendon's contract claim involves disputed and "mixed questions of law and fact." *See id.* at 557–58; *Grounds v. Tolar Indep. Sch. Dist.*, 707 S.W.2d 889,

7

892 (Tex. 1986) ("The interpretation of the rights of the [school district and its teachers] pursuant to these contracts is not a pure question of law."); *Gutierrez v. Laredo Indep. Sch. Dist.*, 139 S.W.3d 363, 368–69 (Tex. App.—San Antonio 2004, no pet.) (op. on denial of reh'g) (holding that a dispute over salary and contract enforceability—as well as a debate concerning whether a school board validly enacted a policy regarding an administrator—involved "disputed fact issue[s]" that removed the case from this exception); *Mercedes Indep. Sch. Dist. v. Munoz*, 941 S.W.2d 215, 218 (Tex. App.—Corpus Christi 1996, writ denied) (holding that a dispute over breach of an employment contract was not a pure question of law due to remaining fact questions). Therefore, Rendon's contract claim does not fall within this exception to the exhaustion requirement.

Rendon raises another exception: that exhaustion is not required where an administrative body acts wholly outside of its statutory authority. *See Indus. Commc'ns*, 296 S.W.3d at 715. However, the education code provides a school board with a general grant of authority to "adopt a policy providing for the employment and duties of district personnel," *see* TEX. EDUC. CODE ANN. § 11.1513(a) (West, Westlaw through 2017 1st C.S.), manage school finances and adopt a budget, *see id.* § 44.001 *et seq.* (West, Westlaw through 2017 1st C.S.), and to pay employees of the district, *see id.* § 45.105(b) (West, Westlaw through 2017 1st C.S.). Rendon does not explain how Brownsville exceeded its general authority under the education code. We find this exception inapplicable.

Rendon has neither pleaded an exhaustion of remedies, *see Miranda*, 133 S.W.3d at 226, nor shown that his contract claim falls within any exception to the exhaustion

8

requirement.  *See Clint*, 487 S.W.3d at 557; *Indus. Commc'ns*, 296 S.W.3d at 715.  We sustain Brownsville's first and only issue.

Beyond its sole issue, though, Brownsville also challenges Rendon's declaratory action.  Brownsville did not contest this cause of action in its plea to the jurisdiction in the trial court or in its initial brief to this Court, but instead asserts for the first time in its reply brief that Rendon failed to exhaust administrative remedies for his declaratory claims. Ordinarily, an appellant must preserve error by presenting its complaint to the trial court in a timely, specific manner and obtaining a ruling thereon.  *See* TEX. R. APP. P. 33.1(a). Also, a party may not ordinarily present arguments for the first time in its reply brief. *Cebcor Serv. Corp. v. Landscape Design & Constr., Inc.*, 270 S.W.3d 328, 334 (Tex. App.—Dallas 2008, no pet.); *see* TEX. R. APP. P. 38.3; *Anderson Producing Inc. v. Koch Oil Co.*, 929 S.W.2d 416, 424 (Tex. 1996).

However, exhaustion of administrative remedies is an issue of subject matter jurisdiction.  *Clint*, 487 S.W.3d at 558.  Subject matter jurisdiction cannot be created by the parties' consent or waiver, and parties may challenge subject matter jurisdiction for the first time on appeal.  *Id.*  Moreover, "we are obligated to review sua sponte issues affecting jurisdiction."  *M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004) (per curiam); *see Rusk*, 392 S.W.3d at 95 (approving review of sovereign immunity on interlocutory appeal from challenge of an expert report, even though no plea to the jurisdiction had been filed).  Accordingly, we address Brownsville's argument concerning Rendon's declaratory claims.

9

Rendon first requested a declaration determining his "contractual rights" against Brownsville. As with his breach of contract claim, Rendon's request for a declaration concerning his contract dispute certainly falls within the exclusive jurisdiction of the Commissioner. A party cannot circumvent an agency's exclusive jurisdiction by filing a declaratory judgment action if the subject matter of the action is one over which the Legislature intended the administrative agency to exercise exclusive jurisdiction. *Blue Cross Blue Shield of Tex. v. Duenez*, 201 S.W.3d 674, 676 (Tex. 2006) (per curiam). The fact that Rendon "fashioned this suit as a declaratory judgment action does not" defeat the Commissioner's exclusive jurisdiction over what is, in substance, a contract dispute between a school district and its employee. *See Thomas v. Long,* 207 S.W.3d 334, 342 (Tex. 2006). To the extent Rendon's declaratory judgment action restates the parties' contract dispute, it is subject to exhaustion. *See Miranda*, 133 S.W.3d at 226.

However, Rendon also requested a declaration concerning the "legality of Defendant's actions with regards to deducting his payment without written consent," which is of a different substance than his contract action. Rendon's petition questioned the legality of Brownsville's actions in a variety ways: (1) alleging that the school board did not follow the proper steps to achieve a valid amendment in policy; (2) alleging that Brownsville violated its statutory obligation to pay the TRS fees; and (3) alleging that Brownsville was illegally deducting the TRS fees from his paycheck without consent. None of these complaints bear a likeness to his contract action.[1] The mere fact that

---

[1] While we have held that Rendon's contract claim—and the declaratory action that duplicates it— are subject to exhaustion, this does not necessarily require exhaustion for other declaratory requests that are substantively distinct from the contract claim. *Thomas v. Long*, 207 S.W.3d 334, 338 (Tex. 2006) ("[I]t is proper for a trial court to dismiss claims over which it does not have subject matter jurisdiction but retain

Rendon's claims "involve" an employment contract does not mean he must exhaust administrative remedies. *See McIntyre v. El Paso Indep. Sch. Dist.*, 499 S.W.3d 820, 826 (Tex. 2016).

Because these claims do not fall within the Commissioner's contract jurisdiction, we proceed to determine whether these claims fall within any other area of the Commissioner's jurisdiction. The education code does not provide a "general appeal clause for persons aggrieved by school board actions." *Id.* at 825. For administrative remedies to be available, Rendon's declaratory action must show that he is aggrieved by either the school laws themselves or a school board's violation of the school laws. *See id.* at 826.

First, Rendon alleged that the Brownsville board did not follow the proper steps to achieve a valid amendment in policy. In substance, Rendon is complaining that Brownsville has violated the school laws empowering school boards to adopt policy, and his complaint therefore falls within the Commissioner's jurisdiction. *See* TEX. EDUC. CODE ANN. § 11.151 *et. seq.* (West, Westlaw through 2017 1st C.S.).

Second, Rendon alleges that Brownsville violated its statutory obligation to pay the TRS fees. This does not describe a violation of school laws found in the education code. *See Clint*, 487 S.W.3d at 546. Instead, this allegation relates to the portions of the government code that control the administration of TRS. Section 825.4092 of the government code provides that the school district employer "shall contribute to the

---

claims in the same case over which it has jurisdiction."); *see Schmitz v. Denton Cty. Cowboy Church*, __S.W.3d__, __, No. 02-16-00114-CV, 2017 WL 3821886, at *6 (Tex. App.—Fort Worth Aug. 31, 2017, no pet.) (distinguishing between different groups of requests for declaratory relief concerning a supposedly invalid city ordinance, and applying different analysis to the groups).

retirement system" for each rehired retiree, and section 824.603 provides that certain rehired retirees are "not required to make contributions" to TRS. TEX. GOV'T CODE ANN. §§ 825.4092(b), 824.603 (West, Westlaw through 2017 1st C.S.). As such, Rendon has implicated the expertise of another agency: TRS, and not the Texas Education Agency or its Commissioner. *See* Acts 1981, 67th Leg., p. 2063, ch. 453, § 3(1), eff. Sept. 1, 1981 (repealing former education code title 1, chapter 3, and thereby removing TRS from the portion of the education code which, today, falls under the Commissioner's jurisdiction).

Third, Rendon protests the deduction of TRS fees from his paycheck without his consent. Brownsville does not identify any way in which this complaint relates to school laws. Instead, this question of labor law better relates to the expertise of yet another agency: the Texas Workforce Commission, rather than the Commissioner. *Cf.* TEX. LABOR CODE ANN. §§ 61.002, .003, .018(3) (West, Westlaw through 2017 1st C.S.) (prohibiting non-government employers from withholding or diverting "any part of an employee's wages unless the employer . . . has written authorization from the employee to deduct part of the wages for a lawful purpose," a rule under the workforce commission's administration).

We conclude that these latter two complaints—concerning Brownsville's supposed violation of the government code and deductions from his paycheck without his consent— do not directly relate to school laws, violation of school laws, or violation of Rendon's employment contract. *See Clint*, 487 S.W.3d at 545. These requests for declaratory

12

relief therefore do not fall within the Commissioner's exclusive jurisdiction and are not subject to exhaustion of administrative remedies. *See id.* at 546.

The remainder of Rendon's claims—including his contract claim and requests for declaratory relief concerning the contract and the validity of Brownsville's policy—are subject to exhaustion. *See id.* Rendon did not plead an exhaustion as to these claims, and he therefore failed to fulfill his burden to affirmatively demonstrate the trial court's jurisdiction. *Miranda*, 133 S.W.3d at 226. However, Brownsville has not conclusively established a lack of exhaustion, such as through evidence that Rendon did not file an administrative appeal within the required time. *See Rusk*, 392 S.W.3d at 96. Brownsville also has not demonstrated that Rendon squandered a full and fair opportunity to cure the defect. *See id.* Because the pleadings and record neither demonstrate jurisdiction nor conclusively negate it, the issue is one of pleading sufficiency, and Rendon must be afforded the opportunity to amend. *See Miranda*, 133 S.W.3d at 226.

### III. CONCLUSION

We reverse the trial court's denial of Brownsville's plea to the jurisdiction and remand to the trial court for further proceedings consistent with this opinion.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the
12th day of April, 2018.

13